**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-00406-MAD-DJS |
| Plaintiff, | |
| v. | |
| PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON, | |
| Defendants. | |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-00598-MAD-DJS |
| Plaintiff, | |
| v. | |
| PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF FERNANDO GONZALEZ PENAS'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Fernando Gonzalez Penas submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Penas as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Penas's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired Plug Power Inc. ("Plug Power") securities between March 1, 2023 and January 16, 2024, both dates inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Penas is the "most adequate plaintiff" as defined by the PSLRA.

Penas believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Penas satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Penas submits

that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Penas's selection of GPM and Holzer as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Plug Power provides hydrogen fuel cell turnkey solutions for the electric mobility and stationary power markets in North America and Europe, focusing on proton exchange membrane ("PEM") fuel cell and fuel processing technologies, fuel cell-battery hybrid technologies, and related hydrogen storage and dispensing infrastructure.

The complaints in the above-captioned actions allege that throughout the Class Period, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants failed to disclose to investors: (i) Plug Power overstated its ability and/or efforts to mitigate the negative impacts that, *inter alia*, supply chain constraints and material shortages could have or were having on the Company's hydrogen business, as well as the sufficiency of its cash and capital to fund its operations; (ii) Plug Power continued to experience delays related to its green hydrogen production facility build-out plans, as well as in securing external funding sources to finance its growth plans; (iii) Plug Power downplayed the true scope and severity of all the foregoing when these issues were eventually revealed; (iv) as a result of all the foregoing, Plug Power also overstated the near-term prospects of its hydrogen production operations, as well as the viability of expanding those

---

[1] This section is adapted from the complaints in the above-captioned actions.

operations; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

Over a series of disclosures spanning November 9, 2023 to January 17, 2024, the truth regarding Plug Power's false statements was revealed, and the Company's share price fell precipitously. On January 17, 2024, a report was published on *Seeking Alpha* claiming that "the market appears to have reset expectations ahead of [Plug Power]'s planned January 23 business update with CEO Andy Marsh and CFO Paul Middleton." The report noted that "Morgan Stanley analyst Andrew Percoco maintained his Underweight rating and $3 price target, anticipating downside to Plug's (PLUG) $2.1B revenue and 25% gross margin guidance for FY 2024 announced during its Q4 earnings call"; that "[t]he analyst thinks further delays at Plug's (PLUG) green hydrogen production facility in Georgia could be announced, which would add to pressure on the growth and profitability profile of the company's green hydrogen business model"; and that "Percoco also pointed to an increasing probability that Plug (PLUG) will need to raise $1B-$1.5B of equity and equity-like capital to fund its highly capital intensive business to provide itself runway to improve its margin and cash flow profile, which is not fully baked into the current share price." On this news, Plug's stock price fell $0.30 per share, or 9.87%, to close at $2.74 per share on January 17, 2024.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On March 22, 2024, Plaintiff Ete Adote commenced a securities fraud class action against Plug Power and certain of its officers, captioned *Adote v. Plug Power Inc.*, No. 1:24-cv-406 (the "*Adote* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired Plug Power securities between May 9, 2023 and January 16, 2024, inclusive.

On April 30, 2024, Plaintiff Dongho Lee commenced a similar action, captioned *Lee v. Plug Power Inc.*, No. 1:24-cv-598 (the "*Lee* Action," and together with the *Adote* Action, the "Related Actions"). The *Lee* Action proposes an expanded class period, alleging claims on behalf of persons and entities that purchased or otherwise acquired Plug Power securities between March 1, 2023 and January 16, 2024, inclusive.

## IV.　　ARGUMENT

### A.　　The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Both of the Related Actions involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

### B.　　Penas Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court

4

decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Penas satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Penas has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Penas is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Penas respectfully submits that he should be appointed lead plaintiff. *See Amerio v. Gray*, No. 15-cv-00538, 2018 WL 10323051, at *1 (N.D.N.Y. Aug. 6, 2018).

### 1. Penas Filed a Timely Motion

Penas has made a timely motion in response to a PSLRA early notice. On February 6, 2024, pursuant to the PSLRA, notice was published in connection with the first-filed action against

Defendants herein. *See* Declaration of Brian P. Murray ("Murray Decl."), Ex. A. Therefore, Penas had sixty days (*i.e.*, until May 21, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of Plug Power securities during the Class Period, Penas is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Penas attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Murray Decl., Ex. B. Accordingly, Penas satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Penas Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Penas believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Penas purchased Plug Power securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $85,729.40. *See* Murray Decl., Ex. C. To the best of his knowledge, Penas is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Penas believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *Ashe v. Arrow Fin. Corp.*, No. 23-cv-764, 2023 WL 6318965, at *1 (N.D.N.Y. Sept. 28, 2023) (appointing the movant that "alleged a financial loss that is greater than

6

any other purported class member of which the Court is currently aware").Penas Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a "prima facie" showing of typicality and adequacy. *See Ashe*, 2023 WL 6318965, at *1; *City of Monroe*, 269 F.R.D. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)      Penas's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Penas's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Penas is a victim of Defendants' material misstatements and

7

omissions concerning Plug Power's business, operations, and financial prospects violated the federal securities laws. Penas, like all members of the class, purchased Plug Power securities in reliance on the Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Penas's interests and claims are "typical" of the interests and claims of the class. *See Amerio*, 2018 WL 10323051, at *1 (holding movants typical where "they allege they were deceived into purchasing securities by false and misleading statements by Defendants, that they relied on those statements, and that they were harmed by the alleged deception").

### b)       Penas Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Penas has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Murray Decl., Ex. C. Moreover, Penas is not aware of any conflict between his claims and those asserted on behalf of the class.

### C.       The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Ashe*, 2023 WL 6318965, at *1 ("Under the PSLRA courts generally defer to the lead plaintiff's choice of counsel."). Here, Penas has retained GPM and Holzer as co-lead counsel to pursue this litigation on his behalf and will retain the firms as the class's lead counsel in the event he is appointed lead plaintiff. GPM and Holzer possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés

attached to the Murray Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.     CONCLUSION

For the foregoing reasons, Fernando Gonzalez Penas requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Penas as Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

DATED: May 21, 2024                    **GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Brian P. Murray_
Brian P. Murray
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
bmurray@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Fernando Gonzalez Penas and
Proposed Co-Lead Counsel for the Class*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On May 21, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 21, 2024, at New York, New York.

*/s/ Brian P. Murray*
Brian P. Murray