**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>    Defendants. | Case No.: 1:24-CV-406 (MAD/DJS)<br><br>Hon. Mae A. D'Agostino |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>    Defendants. | Case No.: 1:24-cv-598 (MAD/DJS)<br><br>Hon. Mae A. D'Agostino |

**MEMORANDUM OF LAW IN SUPPORT OF SCOTT KEENAN AND JOSE MARTINEZ'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND ................................................................................ 2

II.  PROCEDURAL HISTORY ................................................................................ 5

III. ARGUMENT ..................................................................................................... 5

   A.   Consolidation of the Actions Is Appropriate ...................................... 5

   B.   Appointing Movants as Co-Lead Plaintiffs Is Appropriate ............... 6

      1.   Movants Filed a Timely Motion.............................................. 7

      2.   Movants Have the Largest Financial Interest in the Relief Sought............................. 8

      3.   Movants Satisfy the Relevant Requirements of Rule 23........... 9

         a.   Movants' Claims Are Typical......................................... 9

         b.   Movants Are Adequate Representatives........................ 10

   C.   Approving Movants' Choice of Counsel Is Appropriate. ................ 11

IV.  CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................. 7, 9

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001).................................................................................................. 11

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ......................................................................................... 10

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)................................................................................................... 11

*Ferrari v. Impath, Inc.,*
2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ...................................................... 6

*Ferreira v. Funko, Inc.,*
No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515 (C.D. Cal. June 11,
2020) ....................................................................................................................................... 1

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)............... 9

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................... 9

*Gurevitch v. KeyCorp, et al.,*
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) .................................................................. 12

*Hom v. Vale, S.A.,*
Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016)..... 1

*Jaramillo v. Dish Network Corporation, et al.,*
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)...................................................................... 12

*Johnson v. Celotex Corp.,*
899 F.2d 1281 (2d Cir. 1990)............................................................................................. 5, 6

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)................ 10

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ....................................................................... 12

*Martingano v. Am. Int'l Grp., Inc.,*
   Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 6

*Petersen v. Stem, Inc. et. al.,*
   No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ......................................................... 12

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
   No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ......................................................... 12

*Solomon v. Peloton Interactive, Inc. et al.,*
   No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ......................................................... 12

*In re Tesla Inc. Securities Litigation,*
   No. 3:18-cv-4865 (N.D. Cal.) ............................................................................ 11

*Thant v. Rain Oncology Inc. et al.,*
   5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .............................................................. 12

*Thant v. Veru, Inc. et al.,*
   No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)......................................................... 12

*In re U.S. Steel Securities Litigation,*
   No. 2:17-579-CB (W.D. Pa.) ............................................................................. 11

*Villanueva v. Proterra Inc. et al.,*
   No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ....................................................... 12

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................. 10

*Weltz v. Lee,*
   199 F.R.D. 129 (S.D.N.Y. 2001) ....................................................................... 5

*Xiangdong Chen v. X Fin.,*
   No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020)......... 8

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23............................................................................... 1, 7, 9, 10

Fed. R. Civ. P. 42(a) ......................................................................................... 5, 6

Scott Keenan and Jose Martinez ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint them as co-lead plaintiffs, and approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Plug Power Inc. ("Plug" or the "Company") securities between March 1, 2023 and January 16, 2024, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Plug, Andrew Marsh ("Marsh"), and Paul B. Middleton ("Middleton") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they

---

[1] The action entitled *Adote v. Plug Power Inc., et. al.,* Case No. 1:24-CV-406 (MAD/DJS) (the "*Adote* Action") defines the Class Period as May 9, 2023 through January 16, 2024, inclusive. The action styled *Lee v. Plug Power Inc., et al.,* Case No. 1:24-cv-598 (MAD/DJS) (the "*Lee* Action") defines the Class Period as March 1, 2023 through January 16, 2024 inclusive. Movants adopt the most-inclusive Class Period defined in the *Lee* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

are the "most adequate" movants, as defined by the PSLRA, and should be appointed co-lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[2]

Plug provides hydrogen fuel cell turnkey solutions for the electric mobility and stationary power markets in North America and Europe, focusing on proton exchange membrane ("PEM") fuel cell and fuel processing technologies, fuel cell-battery hybrid technologies, and related hydrogen storage and dispensing infrastructure. ¶ 2. The Company offers its products to retail-distribution and manufacturing businesses through a direct product sales force, original equipment manufacturers ("OEMs"), and dealer networks. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Plug overstated its ability and/or efforts to mitigate the negative impacts that, inter alia, supply chain constraints and material shortages could have or were having on the Company's hydrogen

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Adote* Complaint") filed in the action styled *Adote v. Plug Power Inc., et. al.,* Case No. 1:24-CV-406 (MAD/DJS) (the "*Adote* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Adote* Complaint. The facts set forth in the *Adote* Complaint are incorporated herein by reference.

business, as well as the sufficiency of its cash and capital to fund its operations; (ii) Plug continued to experience delays related to its green hydrogen production facility build-out plans, as well as in securing external funding sources to finance its growth plans; (iii) Plug downplayed the true scope and severity of all the foregoing when these issues were eventually revealed; (iv) as a result of all the foregoing, Plug also overstated the near-term prospects of its hydrogen production operations, as well as the viability of expanding those operations; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On November 9, 2023, the Company announced its third quarter 2023 results, including third quarter GAAP1 earnings-per-share ("EPS") of -$0.47, missing consensus estimates by $0.16, and third quarter revenue of $198.71 million, missing consensus estimates by $23.02 million. ¶ 6. In discussing these results, Plug disclosed that its "2023 overall financial performance has been negatively impacted by unprecedented supply challenges in the hydrogen network in North America", including, *inter alia*, "severe hydrogen shortages", prompting multiple analyst downgrades. *Id.*

In response to this news, Plug's stock price plummeted 40.47%, or $2.40 per share, to close at $3.53 per share on November 10, 2023. ¶ 7.

Citi downgraded Plug's stock on November 16, 2023 from a "Buy" to a "Neutral" rating, as well as slashed its price target on the stock from $12.50 to $5.00, noting, among other things, that Plug management's "subpar execution has led the company into liquidity challenges" and, accordingly, Plug will require $500 million of cash over the next six months. ¶ 8.

As the market reacted to this news, the Company's stock price dropped $0.17 per share, or 3.91%, to close on November 16, 2023 at $4.18 per share. ¶ 9.

On December 6, 2023, Morgan Stanley downgraded Plug's stock from an "Equal

3

Weight" to an "Underweight" rating, as well as slashed its price target on the stock from $3.50 to $3.00, citing liquidity concerns and worsening hydrogen economics. ¶ 10.

On this news, Plug's stock price fell 5.9%, or $0.25 per share, to close on December 6, 2023 at $3.99 per share. ¶ 11.

Susquehanna downgraded Plug's stock on January 11, 2024 from a "Positive" to a "Neutral" rating, as well as cut its price target on the stock from $5.50 to $4.00, citing "delays related to both PLUG's green hydrogen production facility build-out and securing external funding sources to finance its growth plans[.]" ¶ 12.

As the market digested this news, the Company's' stock price declined $0.32 per share, or 7.92%, to close on January 11, 2024 at $3.72 per share. ¶ 13.

On January 16, 2024, Plug announced that it would provide its annual business update on January 23, 2024. ¶ 14. Then, on January 17, 2024, *Seeking Alpha* reported that "the market appears to have reset expectations ahead of [Plug]'s planned January 23 business update with CEO Andy Marsh and CFO Paul Middleton." ¶ 15. For example, *Seeking Alpha* noted that "Morgan Stanley analyst Andrew Percoco maintained his Underweight rating and $3 price target, anticipating downside to Plug's (PLUG) $2.1B revenue and 25% gross margin guidance for FY 2024 announced during its Q4 earnings call"; that "[t]he analyst thinks further delays at Plug's (PLUG) green hydrogen production facility in Georgia could be announced, which would add to pressure on the growth and profitability profile of the company's green hydrogen business model"; and that "Percoco also pointed to an increasing probability that Plug (PLUG) will need to raise $1B-$1.5B of equity and equity-like capital to fund its highly capital intensive business to provide itself runway to improve its margin and cash flow profile, which is not fully baked into the current share price." *Id.*

In response to these disclosures, Plug's stock price closed down another 9.87%, or $0.30 per share, to close on January 17, 2024 at $2.74 per share. ¶ 16.

## II.     PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Adote* Action against the Defendants. Plaintiff Ete Adote ("Adote") commenced the first-filed action on March 22, 2024. On that same day, counsel acting on Adote's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Gregory M. Nespole in Support of Movant's Motion ("Nespole Decl.").

On April 30, 2024, a substantially similar action was filed against Plug in this Court, entitled *Lee v. Plug Power Inc., et al.,* Case No. 1:24-cv-598 (MAD/DJS) (the "*Lee* Action"). Movants have requested consolidation of the *Adote* and *Lee* Actions.

## III.     ARGUMENT

### A.     Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See*

*Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Movants as Co-Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

6

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy the forgoing criteria and have complied with all of the PSLRA's requirements to be appointed co-lead plaintiffs. Movants have, to the best of their knowledge, the largest financial interest in this litigation—having collectively lost $754,547.34 as a result of their transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Charts, Ex. B to Nespole Decl. In addition, Movants are not aware of any unique defenses that Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed as co-lead plaintiffs. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movants Filed a Timely Motion.

On March 22, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Adote published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Plug securities that they had 60 days from the publication of the

7

March 22, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Nespole Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movants timely filed their motion within the 60-day period following publication of the March 22, 2024 Press Release and submitted herewith sworn certifications attaching their transactions in Plug securities and attesting that they are willing to serve as representatives of the Class. *See* PSLRA Certifications, Ex. A to Nespole Decl. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as co-lead plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2.      Movants Have the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiffs."

Movants acquired Plug securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of Defendants' false statements, Movants suffered an approximate loss of $754,547.34. *See* Nespole Decl., Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial

interest—and should be appointed as co-lead plaintiffs for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movants Satisfy the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a. Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13

9

(S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Plug's business, operational and financial results violated the federal securities laws. Movants, like all members of the Class, purchased or otherwise acquired Plug securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

**b.      Movants Are Adequate Representatives.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movants have demonstrated their adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movants' financial losses ensure that they have sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Nespole Decl., Ex. B. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the

10

strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D to Nespole Decl. Therefore, Movants will prosecute the Actions vigorously on behalf of the Class.

Accordingly, Movants meet the adequacy requirement of Rule 23.

### C.    Approving Movants' Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Levi & Korsinsky to pursue this litigation on their behalf and have retained the firm as the Class' Lead Counsel in the event they appointed as co-lead plaintiffs. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Nespole Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last

11

year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movants as Co-Lead Plaintiffs, (3) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

12

Dated: May 21, 2024

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Gregory M. Nespole*
Gregory M. Nespole
(Bar Roll Number: 520397)
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: gnespole@zlk.com
Email: aapton@zlk.com

*Lead Counsel for Scott Keenan and Jose Martinez and [Proposed] Lead Counsel for the Class*

13