**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-406 (MAD/DJS) |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT JASON BUCHINGER AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |
| v. | |
| PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON, | |
| Defendants. | |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-598 (MAD/DJS) |
| Plaintiff, | |
| v. | |
| PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON, | |
| Defendants. | |

**TABLE OF CONTENTS**

<u>**Page**</u>

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT .............................................................................................................. 3

      A.    The Related Actions Should Be Consolidated ........................................... 3

      B.    Movant Should Be Appointed Lead Plaintiff ............................................ 3

            1.    Movant's Motion Is Timely ........................................................... 4

            2.    Movant Has The Largest Financial Interest In The Relief
                 Sought By The Class ....................................................................... 4

            3.    Movant Satisfies the Requirements Of Rule 23 ............................. 4

      C.    The Court Should Approve Movant's Selection of Counsel ...................... 5

III.  CONCLUSION ........................................................................................................... 6

## I.      INTRODUCTION

The two above-captioned actions allege that Plug Power Inc. ("Plug" or the "Company") and certain of its officers made materially false and misleading statements in violation of the Securities Exchange Act of 1934. Specifically, the actions allege Defendants failed to disclose to investors that: (1) Plug overstated its ability and efforts to mitigate the negative impacts that supply chain constraints and material shortages could and were having on its hydrogen business, as well as the sufficiency of its cash and capital to fund its operations; (2) it continued to experience delays related to its green hydrogen production facility build-out plans, as well as in securing external funding sources to finance its growth plans; (3) it downplayed the true scope and severity of all the foregoing as these issues were eventually revealed; and (4) as a result of all of the foregoing, Plug also overstated the near-term prospects of its hydrogen production operations, as well as the viability of expanding those operations. As a result of Defendants' false and misleading statements, investors, including movant Jason Buchinger ("Movant"), suffered significant harm. Given that the two actions assert substantially identical claims against nearly identical Defendants on behalf of overlapping classes of investors that purchased Plug securities during similar class periods, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a).

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Movant believes he has the largest

financial interest in the above-captioned actions by virtue of his substantial investments in Plug securities during the longest alleged class period. *See* Certification and Loss Chart, Declaration of Lucas E. Gilmore ("Gilmore Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *4, n.3 (S.D.N.Y. May 24, 2016) (recognizing that in evaluating movants' respective financial interests at lead plaintiff stage, trial courts "will use the longest-noticed class period" – so long as it is plausible— "as it encompasses more putative class members.") (quoting *In re CMED Sec. Litig.*, 2012 WL 1118302, at *2 (S.D.N.Y. Apr. 2, 2012)).

In addition to asserting the largest financial interest in this litigation, Movant also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Movant, based in Appleton, Wisconsin, is a financial advisor for a financial advisory firm in Central Wisconsin, providing retirement and investment services to clients. *See* Gilmore Decl., Ex. C at ¶ 2. He has over 30 years investment experience. *Id*. Further, Movant understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *Id*. at ¶¶ 4-5.

Movant has also demonstrated his adequacy through his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries on behalf of harmed investors. *See* Gilmore Decl., Ex. E at 54. Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on Movant's significant financial interest and his commitment to oversee this action, Movant respectfully requests the Court appoint him as Lead Plaintiff.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Two related securities class actions against Defendants governed by the PSLRA are currently pending in the Northern District of New York: *Adote v. Plug Power Inc., et al.*, 1:24-cv-406 (N.D.N.Y) (filed on March 22, 2024); and *Lee v. Plug Power Inc., et al.*, 1:24-cv-598 (N.D.N.Y) (filed on April 30, 2024).

The *Adote* Action alleges claims against Defendants on behalf of persons and entities that purchased or otherwise acquired Plug securities between May 9, 2023 and January 16, 2024, inclusive.

The *Lee* action is substantially similar but alleges a slightly longer class period: March 1, 2023 and January 16, 2024, inclusive.

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Id*. Here the Related Actions are based upon the same alleged misconduct, name the same Defendants, allege overlapping class periods, overlap in class definition, and assert identical claims. Consolidation, therefore, is appropriate.

### B.    Movant Should Be Appointed Lead Plaintiff

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The

PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.    Movant's Motion Is Timely

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice published in this action on March 25, 2024 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Ex. D. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class

As set forth in Movant's PSLRA certification and loss chart, Movant purchased Plug securities and suffered substantial losses as a result of Defendants' alleged fraud. *See* Gilmore Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.    Movant Satisfies the Requirements Of Rule 23

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). As set forth in greater detail below, Movant has retained counsel highly

- 4 -

experienced in vigorously and efficiently prosecuting securities class actions such as this action. There is no evidence of antagonism or conflict between Movant's interests and the interests of the Class. Finally, Movant, a financial advisor based in Appleton, Wisconsin, has the sophistication and interest to ensure this case is vigorously prosecuted. *See* Gilmore Decl., Ex. C at ¶¶ 2-5. Moreover, Movant has submitted a signed Certification and declaration stating his commitment to protecting the interests of class members, and the significant losses he has incurred demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Exs. A-C; *see also*, *Gilbert v. Azure Power Glob. Ltd.*, 2022 WL 17539172, at *3 (S.D.N.Y. Dec. 8, 2022) (Woods, J.) (recognizing similar evidence proffered by lead plaintiff movant made a "preliminary showing" of adequacy and typicality requirements).

**C.      The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. E. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. E at page 54. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Ex. E at page 56. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. *Azure Power Glob. Ltd.*, 2022 WL 17539172, at *3 (approving movant's choice of counsel).

### III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (3) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.


DATED:  May 21, 2024                              Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Nathaniel A. Tarnor*
         Nathaniel A. Tarnor
68 3rd Street, Suite 249
Brooklyn, NY 11231
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein (*pro hac vice* forthcoming)
Lucas E. Gilmore (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Movant Jason Buchinger*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR
