**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>     Defendants. | **Case No.: 1:24-cv-00406-MAD-DJS**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HOA QUOC VUONG AND NANCY VUONG TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>**<br><br>**Case No. 1:24-cv-00598-MAD-DJS**<br><br>**<u>CLASS ACTION</u>** |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>     Defendants. | |

1

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................... 4

ARGUMENT ................................................................................................................................. 7

   **I.**    **THE RELATED ACTIONS SHOULD BE CONSOLIDATED** ................................... 7

   **II.**   **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF** ....................................... 7

      A.   Movant Is Willing to Serve as Class Representative ....................................................... 8

      B.   Movant Has the Largest Financial Interest in the Action .............................................. 8

      C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure 9

      D.   Movant Is Presumptively the Most Adequate Plaintiff ................................................. 11

   **III.**  **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED** .............. 11

CONCLUSION ............................................................................................................................. 12

**TABLE OF AUTHORITIES**

**CASES**

*In re Oxford Health Plans, Inc. Sec. Litig.,*
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................ 10
*In re Bally Total Fitness*, *Sec. Litig.*,
   2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................ 9
*In re Cendant Corp. Litigation*,
   264 F.3d. 201 (3d Cir. 2001) .................................................................................... 10
*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................................ 9
*In re Livent, Inc. Noteholders Sec. Litig.*,
   210 F.R.D. 512 (S.D.N.Y. 2002) .............................................................................. 10
*In re Olsten Corp. Sec. Litig.*,
   3 F.Supp.2d 286 (E.D.N.Y. 1998) .............................................................................. 9
*Lax v. Merch. Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................................ 9
*Takara Trust v. Molex*,
   229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................. 9

**STATUTES**

15 U.S.C. § 78u-4 ..................................................................................................... passim

**RULES**

Fed. R. Civ. P. 23 ....................................................................................................... 9, 10

Movants Hoa Quoc Vuong and Nancy Vuong ("Movants" or "Vuong Sisters") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      consolidating the above-captioned actions;

(b)      appointing Movants as Lead Plaintiffs for the class of all purchasers or acquirers of the publicly traded common stock of Plug Power Inc. ("Plug" or the "Company") between March 1, 2023 and January 16, 2024,[1] both dates inclusive (the "Class Period"); and

(c)      approving Movants' selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This *Adote* Action was commenced on March 22, 2024, against Plug Power and two of its officers, Andrew Marsh and Paul B. Middleton, (collectively, "Defendants") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Phillip Kim filed herewith (the "Kim Declaration"), Ex. 1 hereto. The related *Lee* Action was filed on April 30, 2024. Both actions allege violations under the Exchange Act against the same Defendants.

---

[1] This action, *Adote v. Plug Power Inc. et al*, 1:24-CV-00406 (the "*Adote* Action"), has a class period of between May 9, 2023 and January 16, 2024. The action *Lee v. Plug Power Inc. et al,* 1:24-CV-00598 (the "*Lee* Action") has a class period of between March 1, 2023 and January 16, 2024, which renders the class period more inclusive. A more inclusive class period is favored at the lead plaintiff stage. *See Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage*); In re Gentiva Sec. Litig., 281 F.R.D. 108, 113- 114 (E.D.N.Y. 2012)* (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

Defendant Plug purports to develop hydrogen fuel cell power systems for use in electric vehicles, stationary power units, and other purposes. Among the Company's products are hydrogen electrolyzers, which use electricity to split water into hydrogen and oxygen so the hydrogen can be stored for later use.

According to the complaints, throughout the Class Period, Defendant Plug misrepresented and/or failed to disclose that: (1) Plug overstated its ability and/or efforts to mitigate the negative impacts that, *inter alia*, supply chain constraints and material shortages could have or were having on the Company's hydrogen business, as well as the sufficiency of its cash and capital to fund its operations; (2) Plug continued to experience delays related to its green hydrogen production facility build-out plans, as well as in securing external funding sources to finance its growth plans; (3) Plug downplayed the true scope and severity of all the foregoing when these issues were eventually revealed; (4) as a result of all the foregoing, Plug also overstated the near-term prospects of its hydrogen production operations, as well as the viability of expanding those operations; and (5) as a result, the Company's public statements were materially false and misleading at all relevant times.

Throughout the Class Period, Defendants continued to misrepresent the Company's financial position. Beginning on March 1, 2023, and during the rest of the first three quarters of 2023, Defendants assured investors throughout the Class Period that Plug was on a clear path to long-term growth and profitability, that the build-out and construction of its green hydrogen production plants remained "on track", and that the Company had identified multiple opportunities to continue to fund its operations. Relatedly, Defendants assured investors that Plug had enacted a diversification strategy to mitigate the potential negative impacts that, *inter alia*, supply chain constraints and material shortages could have or were having on the

Company's business. However, as information about the Company's true condition began to surface, the market reacted accordingly, leading to sharp declines in the stock price.

On November 9, 2023, Plug announced its third quarter 2023 results, including third quarter earnings-per-share ("EPS") of -$0.47, missing consensus estimates by $0.16, and third quarter revenue of $198.71 million, missing consensus estimates by $23.02 million. In discussing these results, Plug disclosed that its "2023 overall financial performance has been negatively impacted by unprecedented supply challenges in the hydrogen network in North America", including "severe hydrogen shortages", prompting multiple analyst downgrades.

On this news, Plug's stock price fell $2.40 per share, or *40.47%*, to close at $3.53 per share on November 10, 2023. The stock continued to slide through the next fiscal quarter, as numerous investment analysts downgraded the stock and slashed price targets.

Finally, on January 17, 2024, *Seeking Alpha* reported that "the market appears to have reset expectations [on the stock]," noting that "Morgan Stanley analyst Andrew Percoco maintained his Underweight rating and $3 price target, anticipating downside to Plug's (PLUG) $2.1B revenue and 25% gross margin guidance for FY 2024 announced during its Q4 earnings call"; that "[t]he analyst thinks further delays at Plug's (PLUG) green hydrogen production facility in Georgia could be announced, which would add to pressure on the growth and profitability profile of the company's green hydrogen business model"; and that "Percoco also pointed to an increasing probability that Plug (PLUG) will need to raise $1B-$1.5B of equity and equity-like capital to fund its highly capital intensive business to provide itself runway to improve its margin and cash flow profile, which is not fully baked into the current share price."

On this news, Plug's stock price fell $0.30 per share, or 9.87%, to close at $2.74 per share on January 17, 2024.

6

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's stock, Movants and the other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by the same Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any

pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption of being the "most adequate plaintiff[s]" for the Class.

### A. Movants are Willing to Serve as Class Representatives

Movants have filed herewith a PSLRA certification attesting that they are willing to serve as representatives of the class and remain willing to provide testimony at deposition and trial, if necessary. *See* Kim Declaration, Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost approximately $490,334.18 in connection with their purchases of Plug securities. *See* Kim Declaration, Ex. 3. Movants are not aware of any other movant that has suffered greater losses in Plug securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and misleading statements and failing to disclose material facts about the Company's business. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class.

### 2.    Movants are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movants are not aware of any conflict that may exist between their claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in Plug stock and are therefore extremely motivated to pursue claims in this action.

10

### D. Movants are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movants Hoa Quoc Vuong and Nancy Vuong are sisters. Movant Hoa Quoc Vuong lives in Texas and is a business owner in the personal care industry. She has pursued higher education and has been investing in securities for approximately five years. Movant Nancy Vuong lives in Texas and is a business owner and entrepreneur. She has a high school diploma and has been investing in securities for approximately four years.

The presumption that Movants are the most adequate Lead Plaintiffs are not, therefore, subject to rebuttal. Accordingly, Movants have suffered financial losses and have the largest financial interest in this case of any timely lead plaintiff.

The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render either Movant inadequate to represent the Class.

### III.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff(s) to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm as Lead Counsel. The firm has been actively researching Movants' and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the country. *See* Kim Declaration, Ex. 4. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movants as Lead Plaintiffs of the Class; (3) approving Movants' selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 21, 2024                         Respectfully submitted,

**PAWAR LAW GROUP P.C.**

/s/ Vikrant Pawar
Vikrant Pawar
20 Vesey Street, Suite 1410
New York, NY 10007
Telephone: (212) 571-0805
Email: vikrantpawaresq@gmail.com

*Additional Counsel for Lead Plaintiffs*

12

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Vikrant Pawar