UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>   v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>     Defendants. | Case No. 1:24-cv-00406-MAD-DJS<br><br>CLASS ACTION |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>   v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>     Defendants. | Case No. 1:24-cv-00598-MAD-DJS<br><br>CLASS ACTION |

NOTICE OF MOTION OF DAVID BRUDER AND RANDY SLIPHER FOR
CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND
APPROVAL OF LEAD COUNSEL

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that David Bruder and Randy Slipher (together, "Bruder and Slipher"), by and through their counsel, will and do hereby move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Bruder and Slipher as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants that purchased or otherwise acquired Plug Power Inc. ("Plug") securities between March 1, 2023 and January 16, 2024, both dates inclusive; and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

This motion is made on the grounds that the Related Actions involve common questions of both law and fact, thus warranting their consolidation under Rule 42. In addition, to the best of their knowledge, Bruder and Slipher are the "most adequate" plaintiffs of the Class within the meaning of the PSLRA and the PSLRA therefore mandates Bruder and Slipher's appointment as Co-Lead Plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(iii). Specifically, Bruder and Slipher believe that they have the "largest financial interest" in the relief sought by the Class by virtue of, *inter alia*, the number of Plug shares that they collectively purchased during the Class Period and retained at the end of the Class Period, and the significant losses that they collectively incurred in connection with their Class Period transactions in Plug securities as a result of the fraud alleged in the Related Actions. Bruder and Slipher also satisfy the requirements of Federal Rule of Civil Procedure 23 because their claims are typical of the claims of other putative Class members and because they will fairly and adequately represent the interests of the Class.

Further, the PSLRA vests authority in Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court.  Bruder and Slipher's choice of counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously under Bruder and Slipher's direction.

This motion is supported by the Memorandum of Law submitted herewith, the Declaration of Jeremy A. Lieberman, and all exhibits thereto.

Bruder and Slipher are aware of Local Rule 7.1(a)(2), which provides, in relevant part: "Prior to making any non-dispositive motion before the assigned Magistrate Judge, the parties must make **good faith efforts among themselves to resolve or reduce all differences relating to the non-dispositive issue**. If, after conferring, the parties are unable to arrive at a mutually satisfactory resolution, the party seeking relief must then request a court conference with the assigned Magistrate Judge. **A court conference is a prerequisite to filing a non-dispositive motion before the assigned Magistrate Judge.**"  (Emphases in original.)  Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Related Actions is May 21, 2024, on which date any member of the putative Class may so move.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Bruder and Slipher will thus not know the identities of the other putative Class members who intend to file competing Lead Plaintiff motions until May 22, 2024—the day after the statutory deadline—making a good faith effort to resolve disputes and full compliance with the foregoing rule prior to the filing of Bruder and Slipher's motion papers impracticable. Under these circumstances, Bruder and Slipher respectfully request that compliance with Local Rule 7.1(a)(2) be waived in this instance.

2

Dated:  May 21, 2024

Respectfully submitted,

POMERANTZ LLP

*s/ Jeremy A. Lieberman*
Jeremy A. Lieberman (Bar Number: 700864)
J. Alexander Hood II (Bar Number: 700865)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for David Bruder and Randy Slipher and
Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for David Bruder*

3

**PROOF OF SERVICE**

I hereby certify that on May 21, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

4