UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>     v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>      Defendants. | Case No. 1:24-cv-00406-MAD-DJS<br><br>CLASS ACTION |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>     v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>      Defendants. | Case No. 1:24-cv-00598-MAD-DJS<br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID BRUDER AND RANDY SLIPHER FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ....................................................................................................................... 6

    I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED
          FOR ALL PURPOSES ...................................................................................... 6

    II.    BRUDER AND SLIPHER SHOULD BE APPOINTED
          CO-LEAD PLAINTIFFS ................................................................................... 8

          A.     Bruder and Slipher Are Willing to Serve as Class Representatives ........... 9

          B.     Bruder and Slipher Have the "Largest Financial Interest" ........................ 9

          C.     Bruder and Slipher Otherwise Satisfy the Requirements of Rule 23........ 11

          D.     Bruder and Slipher Will Fairly and Adequately Represent
               the Interests of the Class and Are Not Subject to Unique Defenses......... 14

    III.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD
          BE APPROVED ............................................................................................. 15

CONCLUSION.................................................................................................................... 16

PROOF OF SERVICE.......................................................................................................... 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adote v. Plug Power Inc. et al.*,
    No. 1:24-cv-00406 ............................................................................................. *passim*

*Amerio v. Gray*,
    No. 5:15-CV-00538, 2018 WL 10323051 (N.D.N.Y. Aug. 6, 2018) .....................................13

*Aude v. Kobe Steel, Ltd.*,
    No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) .................................11

*Barnet v. Elan Corp., PLC*,
    236 F.R.D. 158 (S.D.N.Y. 2005) ............................................................................................13

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ..............................................................................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (S.D.N.Y. 1992) ............................................................................................12

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ..............................................................................................7

*Chahal v. Credit Suisse Grp. AG*,
    No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)...........................10

*Dookeran v. Xunlei Ltd.*,
    No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .....................................13

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................................13

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
    No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017).......................13

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)............................................................................................10, 14

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .................10, 16

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992)....................................................................................................12

*In re GE Sec. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ................................7, 8

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ...................................................................................15

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................10, 11

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................12

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................11

*In re Petrobras Securities Litigation*,
  No. 14-cv-09662 (S.D.N.Y.) ..................................................................................15, 16

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................7

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) .................................................................................12

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)......................................................................................7

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................11

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................15

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015)...........................................................................10

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ........................................................................10

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997).................................................9, 10

*Lee v. Plug Power Inc. et al.*,
  No. 1:24-cv-00598 ..................................................................................... *passim*

*Luongo v. Desktop Metal, Inc.*,
  No. 1:21-CV-12099-IT, 2022 WL 2532498 (D. Mass. July 7, 2022) ....................................10

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)...................................................................................................7

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ......................10

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................................15

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ...........................................................................................13

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 .................................................. *passim*

Securities Exchange Act of 1934............................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23................................................................................................... *passim*

Fed. R. Civ. P. 42.......................................................................................................1, 2, 7

David Bruder and Randy Slipher (together, "Bruder and Slipher") respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Bruder and Slipher as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Plug Power Inc. ("Plug" or the "Company") securities between March 1, 2023 and January 16, 2024, both dates inclusive (the "Class Period"); and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act. Plug investors, including Bruder and Slipher, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Plug's share price to fall sharply, damaging Bruder and Slipher and other Plug investors.

---

[1] On March 22, 2024, the first-filed of the Related Actions was filed in this Court, styled *Adote v. Plug Power Inc. et al.*, No. 1:24-cv-00406 (the "*Adote* Action"), alleging a class period including all persons and entities other than Defendants that purchased or otherwise acquired Plug securities between May 9, 2023 and January 16, 2024, both dates inclusive. *See* Dkt. No. 1 ("*Adote* Complaint") ¶ 1. On April 30, 2024, a second action alleging substantially the same wrongdoing as the *Adote* Action against the same Defendants was filed in this Court, styled *Lee v. Plug Power Inc. et al.*, No. 1:24-cv-00598 (the "*Lee* Action"), alleging a larger class period including all persons and entities other than Defendants that purchased or otherwise acquired Plug securities between March 1, 2023 and January 16, 2024, both dates inclusive. *See Lee* Action, Dkt. No. 1 ("*Lee* Complaint") ¶ 1. Therefore, without conceding that this is the appropriate class period, to avoid excluding any potential class members, this motion has adopted the largest class period alleged in the *Lee* Action.

1

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the Exchange Act by the same Defendants arising from substantially the same alleged fraud. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Bruder and Slipher collectively purchased 429,708 shares of Plug stock, expended $4,733,653 on their purchases of Plug securities, retained 73,000 shares of Plug stock, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $847,165 calculated on a first-in, first-out ("FIFO") basis, or $675,662 calculated on a last-in, first-out ("LIFO") basis. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Bruder and Slipher believe that they have the largest financial interest in the relief sought in this litigation. Beyond their considerable financial interest, Bruder and Slipher also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, Bruder and Slipher have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

2

Accordingly, Bruder and Slipher respectfully request that the Court enter an order consolidating the Related Actions, appointing Bruder and Slipher as Co-Lead Plaintiffs for the Class, and approving Bruder and Slipher's selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

Plug provides hydrogen fuel cell turnkey solutions for the electric mobility and stationary power markets in North America and Europe, focusing on proton exchange membrane fuel cell and fuel processing technologies, fuel cell-battery hybrid technologies, and related hydrogen storage and dispensing infrastructure. *Adote* Complaint ¶ 2; *Lee* Complaint ¶ 2. Plug offers its products to retail-distribution and manufacturing businesses through a direct product sales force, original equipment manufacturers, and dealer networks. *Adote* Complaint ¶ 2; *Lee* Complaint ¶ 2.

Integral to Plug's business are the green hydrogen production plants that the Company operates in multiple locations throughout the U.S. and Europe. *Adote* Complaint ¶ 3; *Lee* Complaint ¶ 3. These plants are at various stages of development, from operational to under construction. *Adote* Complaint ¶ 3; *Lee* Complaint ¶ 3. Plug's strategy to maintain growth and profitability involves expanding production capabilities at the Company's already completed green hydrogen plants while finishing construction of new plants. *Adote* Complaint ¶ 3; *Lee* Complaint ¶ 3. The Company has struggled to execute these hydrogen plant build-out and construction efforts on budget and on time and, as a result, is frequently tasked with identifying additional sources of capital to fund its operations. *Adote* Complaint ¶ 3; *Lee* Complaint ¶ 3.

Despite the foregoing issues, Defendants assured investors throughout the Class Period that Plug was on a clear path to long-term growth and profitability, that the build-out and construction of its green hydrogen production plants remained "on track", and that the Company

3

had identified multiple opportunities to continue to fund its operations. *Adote* Complaint ¶ 4; *Lee* Complaint ¶ 4. Relatedly, Defendants assured investors that Plug had enacted a diversification strategy to mitigate the potential negative impacts that, *inter alia*, supply chain constraints and material shortages could have or were having on the Company's business. *Adote* Complaint ¶ 4; *Lee* Complaint ¶ 4.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. *Adote* Complaint ¶ 5; *Lee* Complaint ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Plug overstated its ability and/or efforts to mitigate the negative impacts that, *inter alia*, supply chain constraints and material shortages could have or were having on the Company's hydrogen business, as well as the sufficiency of its cash and capital to fund its operations; (ii) Plug continued to experience delays related to its green hydrogen production facility build-out plans, as well as in securing external funding sources to finance its growth plans; (iii) Plug downplayed the true scope and severity of all the foregoing when these issues were eventually revealed; (iv) as a result of all the foregoing, Plug also overstated the near-term prospects of its hydrogen production operations, as well as the viability of expanding those operations; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Adote* Complaint ¶ 5; *Lee* Complaint ¶ 5.

On November 9, 2023, Plug announced its third quarter 2023 results, including third quarter GAAP earnings-per-share of -$0.47, missing consensus estimates by $0.16, and third quarter revenue of $198.71 million, missing consensus estimates by $23.02 million. *Adote* Complaint ¶ 6; *Lee* Complaint ¶ 6. In discussing these results, Plug disclosed that its "2023 overall financial performance has been negatively impacted by unprecedented supply challenges

in the hydrogen network in North America", including, *inter alia*, "severe hydrogen shortages", prompting multiple analyst downgrades. *Adote* Complaint ¶ 6; *Lee* Complaint ¶ 6.

On this news, Plug's stock price fell $2.40 per share, or **40.47%**, to close at $3.53 per share on November 10, 2023. *Adote* Complaint ¶ 7; *Lee* Complaint ¶ 7.

On November 16, 2023, Citi downgraded Plug's stock from a "Buy" to a "Neutral" rating, as well as slashed its price target on the stock from $12.50 to $5.00, noting, among other things, that Plug management's "subpar execution has led the company into liquidity challenges" and, accordingly, Plug will require $500 million of cash over the next six months. *Adote* Complaint ¶ 8; *Lee* Complaint ¶ 8.

On this news, Plug's stock price fell $0.17 per share, or 3.91%, to close at $4.18 per share on November 16, 2023. *Adote* Complaint ¶ 9; *Lee* Complaint ¶ 9.

On December 6, 2023, Morgan Stanley downgraded Plug's stock from an "Equal Weight" to an "Underweight" rating, as well as slashed its price target on the stock from $3.50 to $3.00, citing liquidity concerns and worsening hydrogen economics. *Adote* Complaint ¶ 10; *Lee* Complaint ¶ 10.

On this news, Plug's stock price fell $0.25 per share, or 5.9%, to close at $3.99 per share on December 6, 2023. *Adote* Complaint ¶ 11; *Lee* Complaint ¶ 11.

On January 11, 2024, Susquehanna downgraded Plug's stock from a "Positive" to a "Neutral" rating, as well as cut its price target on the stock from $5.50 to $4.00, citing "delays related to both Plug's green hydrogen production facility build-out and securing external funding sources to finance its growth plans[.]" *Adote* Complaint ¶ 12; *Lee* Complaint ¶ 12.

On this news, Plug's stock price fell $0.32 per share, or 7.92%, to close at $3.72 per share on January 11, 2024. *Adote* Complaint ¶ 13; *Lee* Complaint ¶ 13.

On January 16, 2024, Plug announced that it would provide its annual business update on January 23, 2024. *Adote* Complaint ¶ 14; *Lee* Complaint ¶ 14.

Then, on January 17, 2024, *Seeking Alpha* reported that "the market appears to have reset expectations ahead of [Plug]'s planned January 23 business update with CEO Andy Marsh and CFO Paul Middleton." *Adote* Complaint ¶ 15; *Lee* Complaint ¶ 15. For example, *Seeking Alpha* noted that "Morgan Stanley analyst Andrew Percoco maintained his Underweight rating and $3 price target, anticipating downside to Plug's (PLUG) $2.1B revenue and 25% gross margin guidance for FY 2024 announced during its Q4 earnings call"; that "[t]he analyst thinks further delays at Plug's (PLUG) green hydrogen production facility in Georgia could be announced, which would add to pressure on the growth and profitability profile of the company's green hydrogen business model"; and that "Percoco also pointed to an increasing probability that Plug (PLUG) will need to raise $1B-$1.5B of equity and equity-like capital to fund its highly capital intensive business to provide itself runway to improve its margin and cash flow profile, which is not fully baked into the current share price." *Adote* Complaint ¶ 15; *Lee* Complaint ¶ 15.

On this news, Plug's stock price fell $0.30 per share, or 9.87%, to close at $2.74 per share on January 17, 2024. *Adote* Complaint ¶ 16; *Lee* Complaint ¶ 16.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Bruder and Slipher and other Class members have suffered significant losses and damages. *See Adote* Complaint ¶ 17; *Lee* Complaint ¶ 17.

## **ARGUMENT**

## I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and

overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the same Defendants in connection with violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the prices of Plug's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of

7

securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.    BRUDER AND SLIPHER SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Bruder and Slipher should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in this litigation to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Bruder and Slipher satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

**A.    Bruder and Slipher Are Willing to Serve as Class Representatives**

On March 22, 2024, counsel for plaintiff in the first-filed of the Related Actions caused the statutorily required Notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Plug and other defendants, and which advised investors in Plug securities that they had until May 21, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Bruder and Slipher have filed the instant motion pursuant to the Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Bruder and Slipher satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

**B.    Bruder and Slipher Have the "Largest Financial Interest"**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

To the best of their knowledge, Bruder and Slipher have the largest financial interest of any Plug investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number

of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[2] these so-called *Lax* factors have been adopted and routinely applied by courts in the Second Circuit.  *See Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See Nurlybaev*, 2017 WL 5256769, at *1 ("Courts generally find the fourth [*Lax*] factor [*i.e.*, monetary loss] to be the most compelling."); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015) ("The fourth [*Lax*] factor [*i.e.*, monetary loss] is the most important.").

During the Class Period, Bruder and Slipher collectively: (1) purchased 429,708 shares of Plug stock; (2) expended $4,733,653 on their purchases of Plug securities; (3) retained 73,000 shares of Plug stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $847,165 calculated on a FIFO basis, or $675,662 calculated on a LIFO basis, in connection with their Class Period transactions in Plug securities.  *See* Lieberman Decl., Ex. A.  To the extent that Bruder and Slipher possess the largest financial interest in the outcome

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *Luongo v. Desktop Metal, Inc.*, No. 1:21-CV-12099-IT, 2022 WL 2532498, at *3-5 (D. Mass. July 7, 2022); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).

of this litigation, they are the presumptive "most adequate" plaintiffs.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.      Bruder and Slipher Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Olsten*, 3 F. Supp. 2d at 296.  Further, the *Adote* Complaint and *Lee* Complaint sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Bruder and Slipher.

11

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Bruder and Slipher's claims are typical of those of the Class. Bruder and Slipher allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Plug, or by omitting to state material facts necessary to make the statements they did make not misleading. Bruder and Slipher, like other Class members, purchased Plug securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove Plug's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed

lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Bruder and Slipher have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the instant Related Actions, and submit their choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, David Bruder is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation. There is no evidence of antagonism or conflict between Bruder and Slipher's interests and those of the Class. Bruder and Slipher have submitted signed Certifications declaring their respective commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and Bruder and Slipher's significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Moreover, Bruder and Slipher constitute an appropriate movant duo of the type routinely appointed to serve as Co-Lead Plaintiffs. *See Amerio v. Gray*, No. 5:15-CV-00538 (DNH/TWD), 2018 WL 10323051, at *1-2 (N.D.N.Y. Aug. 6, 2018) (appointing group of two investors as co-lead plaintiffs under the PSLRA); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four investors as lead plaintiff under the PSLRA); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding a

13

group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

> ### D.    Bruder and Slipher Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Bruder and Slipher as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or

> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Bruder and Slipher's ability and desire to fairly and adequately represent the Class has been discussed above.  Bruder and Slipher are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class.

Bruder and Slipher participated in a conference call with each other to discuss this litigation and their motion for appointment as Co-Lead Plaintiffs before the filing of the instant motion and have one another's contact information.

David Bruder lives in Tomball, Texas; has a bachelor's degree in accounting from Arizona State University; is an oil and gas billing compliance auditor; has prior experience retaining and managing legal counsel; is 54 years old; and has been investing in the securities markets for approximately 15 years, including managing securities transactions in his own 401(k) and brokerage accounts.

Randy Slipher lives in Troutdale, Oregon; is a roofing contractor and also invests in and manages properties; as reflected in his Certification, has prior experience retaining and managing

14

legal counsel in connection with federal securities class actions governed by the PSLRA, including serving as a fiduciary on behalf of a class of investors in connection with his prior appointment as a Lead Plaintiff under the PSLRA; is 65 years old; and has been investing in the securities markets for approximately 4 years.

Accordingly, Bruder and Slipher should be appointed Co-Lead Plaintiffs for the Class.

## III.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Bruder and Slipher have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Lieberman Decl., Ex. D.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest

settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Bruder and Slipher's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Bruder and Slipher's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Bruder and Slipher respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Bruder and Slipher as Co-Lead Plaintiffs for the Class; and (3) approving Bruder and Slipher's selection of Pomerantz as Lead Counsel for the Class.

Dated:  May 21, 2024                                    Respectfully submitted,

                                                                        POMERANTZ LLP

                                                                        s/ *Jeremy A. Lieberman*
                                                                        Jeremy A. Lieberman (Bar Number: 700864)
                                                                        J. Alexander Hood II (Bar Number: 700865)
                                                                        600 Third Avenue, 20th Floor
                                                                        New York, New York 10016
                                                                        Telephone: (212) 661-1100
                                                                        Facsimile: (917) 463-1044

jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for David Bruder and Randy Slipher and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for David Bruder*

17

## <u>PROOF OF SERVICE</u>

I hereby certify that on May 21, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<u>s/ Jeremy A. Lieberman</u>
Jeremy A. Lieberman

18