UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                          :

ETE ADOTE, Individually and on                    :
Behalf of All Others Similarly Situated,          :
                                          :

              Plaintiff,                 :        Case No. 1:24-cv-0406 (MAD) (DJS)
                                          :

      v.                                         :

                                          :

PLUG POWER INC., ANDREW MARSH,          :
and PAUL B. MIDDLETON,                             :
                                          :

              Defendants.              :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## DEFENDANTS' LIMITED RESPONSE TO MOTIONS FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF(S)

The defendants in this action, Plug Power Inc. and its officers Andrew Marsh and Paul B. Middleton, respectfully submit this limited response to motions by various persons or entities to consolidate this action with *Lee v. Plug Power Inc.*, No. 1:24-cv-0598 (N.D.N.Y.), and for appointment of lead plaintiff(s) pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and approval of their selection of counsel.  *See* Dkt. Nos. 11, 13-17.

The defendants agree that this action and the *Lee* action should be consolidated.  Fed. R. Civ. P. 42.  The plaintiffs in the two actions assert substantially similar claims under the federal securities laws against the same defendants on behalf of similar putative classes.

The defendants take no position with respect to the appointment of lead plaintiff(s) or the approval of the selection of lead plaintiff's counsel.  For the avoidance of doubt, however, the defendants reserve all rights and defenses as to the underlying claims, including without limitation all defenses based on standing or the appropriateness as a class representative of any appointed lead plaintiff in addition to all other defenses to class certification.

At this early stage of the case, any evaluation of typicality and adequacy of proposed lead plaintiffs under Rule 23 of the Federal Rules of Civil Procedure is necessarily preliminary. *Murphy v. Argo Blockchain plc*, 683 F. Supp. 3d 211, 221-22 (E.D.N.Y. 2023) ("In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements – typicality and adequacy – are satisfied"); *see Damri v. LivePerson, Inc.*, 2024 WL 1242510, at \*3 (S.D.N.Y. Mar. 22, 2024) (same). Any order appointing lead plaintiff(s) should make that clear.

Dated: New York, New York
      June 11, 2024

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ John J. Clarke, Jr.
    John J. Clarke, Jr. (Bar Roll No. 705346)
    john.clarke@us.dlapiper.com
    Steven M. Rosato (Bar Roll No. 703375)
    steven.rosato@us.dlapiper.com

1251 Avenue of the Americas, 27th Floor
New York, NY  10020
(212) 335-4500

*Counsel for Plug Power Inc.*

BOIES SCHILLER FLEXNER LLP

By: /s/ George F. Carpinello
    George F. Carpinello (Bar Roll No. 103750)
    gcarpinello@bsfllp.com

30 South Pearl Street, 12th Floor
Albany, New York  12207
(518) 434-0600

*Counsel for*
* Andrew Marsh and Paul B. Middleton*

2