UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-00406-MAD-DJS |
| Plaintiff, | CLASS ACTION |
| v. | |
| PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON, | |
| Defendants. | |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-00598-MAD-DJS |
| Plaintiff, | CLASS ACTION |
| v. | |
| PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON, | |
| Defendants. | |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF DAVID BRUDER AND RANDY SLIPHER FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ..................................................................................................................... 4

I.      BRUDER AND SLIPHER SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ......... 4

      A.      Bruder and Slipher Have the Largest Financial Interest ......................................... 5

      B.      Bruder and Slipher Satisfy the Applicable Requirements of Rule 23 .................... 5

II.      CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED... 10

CONCLUSION .................................................................................................................. 11

PROOF OF SERVICE ....................................................................................................... 12

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
    2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)....................................................................2, 4, 6

*Barnet v. Elan Corp., PLC*,
    236 F.R.D. 158 (S.D.N.Y. 2005) .......................................................................................3, 6

*Camp v. Qualcomm Inc.*, No. 18-CV-1208-AJB-BLM,
    2019 WL 277360 (S.D. Cal. Jan. 22, 2019).......................................................................3, 8

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
    2018 WL 3093965 (S.D.N.Y. June 21, 2018) ...................................................................1, 5

*China Agritech, Inc. v. Resh*,
    584 U.S. 732 (2018).............................................................................................................2, 7

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
    2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018).........................................................................6

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) .......................................................................................5, 6

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
    2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ...................................................................3, 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)....................................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825,
    2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)...........................................................................5

*In re Mersho*,
    6 F.4th 891 (9th Cir. 2021) ....................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) .............................................................................................10

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
    2008 WL 2811358 (S.D.N.Y. July 7, 2008) ..........................................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 421 (E.D. Pa. 2005).............................................................................................5

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. CIV A 07-177 FLW,
    2007 WL 2683636 (D.N.J. Sept. 7, 2007) ................................................................4, 9

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ..................................................................................6

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................4, 6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................10

*Lako v. Loandepot, Inc.*, 8:21-cv-01449-JLS-JDE,
    2022 U.S. Dist. LEXIS 79063 (C.D. Cal. May 2, 2022) ............................................8

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
    No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ................................7

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
    2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017).............................................................5

*Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE),
    2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021).........................................................4, 8

*Takara Trust v. Molex, Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005).................................................................................5

*Tomaszewski v. Trevena, Inc.*,
    383 F. Supp. 3d 409 (E.D. Pa. 2019) .........................................................................9

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731,
    2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ..........................................................3, 7

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .............................................................................3, 6

## **<u>Statutes</u>**

15 U.S.C. § 78u-4 ...................................................................................................... *passim*

PSLRA ....................................................................................................................... *passim*

## **<u>Rules</u>**

Fed. R. Civ. P. 23...................................................................................................... *passim*

iii

Movants Bruder and Slipher[1] respectfully submit this memorandum of law in further support of their motion for consolidation, appointment as Co-Lead Plaintiffs, and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 17); and in opposition to the competing motions of (i) Scott Keenan and Jose Martinez (collectively, "Keenan and Martinez") (Dkt. No. 14), (ii) Hoa Vuong and Nancy Vuong (collectively, the "Vuongs") (Dkt. No. 16), (iii) Jason Buchinger ("Buchinger") (Dkt. No. 15), and (iv) Fernando Gonzalez Penas ("Penas") (Dkt. No. 13).[2]

## **PRELIMINARY STATEMENT**

The Related Actions are putative securities class action lawsuits on behalf of investors in Plug securities.  As with all federal class action securities lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, those movants are Bruder and Slipher, who incurred an aggregate loss of approximately $675,662 in connection with their Class Period purchases of Plug securities.  *See, e.g., Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss).  The table below sets forth the respective losses of the competing movants:

---

[1] All capitalized terms herein are defined in Bruder and Slipher's moving brief, unless otherwise indicated.  *See* Dkt. No. 17-2.

[2] One other movant, Librex Group SAL ("Librex"), also filed a competing motion on the statutory deadline.  Dkt. No. 11.  On June 11, 2024, Librex filed a notice stating its non-opposition to the competing motions.  Dkt. No. 24.

| Movant | Loss | |
|---|---|---|
| David Bruder and Randy Slipher | $675,662 | |
| *David Bruder* | | *$368,833* |
| *Randy Slipher* | | *$306,829* |
| Jose Martinez and Scott Keenan | $669,448 | |
| *Jose Martinez* | | *$381,074* |
| *Scott Keenan* | | *$317,530* |
| Hoa Vuong and Nancy Vuong | $490,334 | |
| *Hoa Vuong* | | *$348,646* |
| *Nancy Vuong* | | *$72,765* |
| Jason Buchinger | $350,229 | |
| Fernando Gonzales Penas | $85,729 | |

As the table reflects, Bruder and Slipher's loss is larger than that of any competing movant. As such, Bruder and Slipher have the largest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

In addition to their significant financial interest, Bruder and Slipher also satisfy the adequacy and typicality requirements of Rule 23. Bruder and Slipher, like all members of the Class, purchased Plug securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 WL 1634872, at *3-*4 (S.D.N.Y. Apr. 4, 2018).

Moreover, as a cohesive duo of likeminded investors, Bruder and Slipher, both of whom incurred significant losses in connection with the alleged fraud, constitute exactly the kind of small and cohesive group that the PSLRA expressly permits and courts in the Second Circuit routinely appoint to serve as lead plaintiffs in securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person *or group* of persons that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.)); *China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018) ("District courts often permit aggregation of

2

plaintiffs into plaintiff groups[.]"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding group of seven was "presumptively the most adequate plaintiff").

Further evidencing their adequacy, Bruder and Slipher have submitted herewith a detailed Joint Declaration, attesting to, *inter alia*, their respective backgrounds, their understanding of this litigation generally and the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, a meaningful explanation of their reasons for seeking appointment jointly as Co-Lead Plaintiffs, their communications with each other prior to the filing of their motion, and their readiness to collaboratively shoulder the responsibilities of lead plaintiffs under the PSLRA, including by overseeing the efforts of counsel. *See generally* Declaration of Jeremy A. Lieberman in Further Support of Motion and in Opposition to Competing Motions ("Lieberman Opp. Decl."), Exhibit ("Ex.") A.   Courts routinely appoint more than one investor as co-lead plaintiffs under such circumstances. *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at \*4 (E.D.N.Y. Dec. 15, 2017); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at \*7-9, \*12 (E.D. Pa. Apr. 10, 2014).

By contrast, competing movants Martinez and Keenan are inadequate because of a significant error in their motion papers.   Courts routinely deny lead plaintiff motions under such circumstances because they raise questions regarding the movant's fitness to supervise complex securities class actions.   *See, e.g.*, *Camp v. Qualcomm Inc.*, No. 18-CV-1208-AJB-BLM, 2019

WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019); *Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *6, *9 (S.D.N.Y. Nov. 12, 2021); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. CIV A 07-177 FLW, 2007 WL 2683636, at *7-8 n.8 (D.N.J. Sept. 7, 2007). Here, an acknowledged failure to apply the correct 90-day average lookback price in accounting for Martinez's post-Class Period sales caused Martinez to overstate his investment losses by approximately $85,000, or 22%. This error raises valid questions about Martinez and Keenan's readiness to serve as Co-Lead Plaintiffs, a role that will require them to carefully review the filings in this litigation.

For the reasons set forth herein, Bruder and Slipher respectfully submit that their motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

### I.    BRUDER AND SLIPHER SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude*, 2018 WL 1634872, at *3-*4; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representatives are Bruder and Slipher.

4

### A.    Bruder and Slipher Have the Largest Financial Interest

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).   While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Second Circuit and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (equating financial interest with economic loss); *Chahal*, 2018 WL 3093965, at *4 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

As the chart at p. 2 illustrates, Bruder and Slipher suffered a loss of approximately $675,662 in connection with their Class Period purchases of Plug securities.  No movant seeking appointment as lead plaintiff has alleged a larger financial interest in the litigation than Bruder and Slipher.

### B.    Bruder and Slipher Satisfy the Applicable Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class,

Bruder and Slipher have also made the requisite *prima facie* showings that they satisfy the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.

First, Bruder and Slipher's claims in this litigation satisfy the typicality requirement of Rule 23(a)(3) because their claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010). Second, Bruder and Slipher satisfy the adequacy requirement of Rule 23(a)(4) because they have a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, they are aware of no conflict between their interests and those of the putative Class, and, as discussed in greater detail below, they have selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Foley*, 272 F.R.D. at 131; *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018).

In addition, Bruder and Slipher are a cohesive duo of likeminded investors. They therefore constitute an appropriate movant group of the type expressly permitted by the PSLRA and routinely appointed to serve as lead plaintiffs in PSLRA actions, including cases in the Second Circuit, this District specifically, and around the country. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person ***or group*** of persons that . . . has the largest financial interest in the relief sought by the class." (Emphasis added.)); *Weltz*, 199 F.R.D. at 133 ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding group of seven was "presumptively the most adequate plaintiff"); *Barnet*, 236 F.R.D. at 161-63 (holding "there can be no doubt" the PSLRA permits appointment

of groups, finding "that six members is not too unwieldy a number to effectively manage the litigation", and appointing group of six as lead plaintiffs); *Juliar*, 2009 WL 1955237, at *1-2 (appointing lead plaintiff movant group of two investors); *Reimer*, 2008 WL 2073931, at *3-4 (appointing lead plaintiff movant group of three investors); *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).  Indeed, in *China Agritech*, the Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups".  584 U.S. at 742 n.3.  More recently, in *In re Mersho*, the Ninth Circuit Court of Appeals likewise held that "the [PSLRA] expressly allows a 'group of persons' to move for appointment" as lead plaintiff.  6 F.4th 891, 899 (9th Cir. 2021).

Moreover, courts in the Second Circuit and around the country routinely find movant groups to be adequate where, as here, they have robustly demonstrated their cohesiveness via a detailed Joint Declaration.  *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding the group is not "so large as to be unwieldly and impracticable"); *DFC*, 2014 WL 1395059, at *7-9, *12 (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").  Here, Bruder and Slipher have submitted a detailed Joint Declaration, in which they:

- Provide detailed information about themselves, including their respective ages, investment experience, cities and state of residence, and professional and educational backgrounds (*see* Lieberman Opp. Decl. Ex. A ¶¶ 2-3);

- Explain their reasons for seeking appointment jointly as Co-Lead Plaintiffs (*id.* ¶ 10) ("We each determined that we could ***maximize the Class's recovery by pooling our respective resources and experience*** by jointly seeking appointment as Co-Lead Plaintiffs. After reviewing the allegations pleaded in the complaint, and consulting with each other and our counsel, we each independently determined to seek joint appointment as Co-Lead Plaintiffs, and subsequently approved the filing of a joint motion seeking our appointment as Co-Lead Plaintiffs. We agree that ***our collective resources and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class*** in this case." (Emphases added.));

- Attest in detail to their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA and their readiness to undertake those responsibilities (*id.* ¶¶ 4-7, 12-13); and

- Attest to their communications with one another prior to the filing of their motion (*id.* ¶ 5 ("Prior to the filing of our Lead Plaintiff Motion . . . we participated in a conference call with each other and an attorney from Pomerantz to discuss this litigation; we had one another's contact information; and we approved the filing of a motion on our behalf seeking appointment jointly as Co-Lead Plaintiffs.").

In contrast with Bruder and Slipher's robust adequacy proffer, competing movants Martinez and Keenan have shown themselves to be inadequate within the meaning of Rule 23 because of an acknowledged error in the loss calculations submitted with their initial motion papers. Courts routinely deny motions on the basis of such errors, as they raise legitimate questions as to a movant's preparedness to serve as a class fiduciary. *See, e.g.*, *Camp*, 2019 WL 277360, at *3-4 (significant errors in transactions records and loss calculations prohibit a movant from satisfying the adequacy and typicality requirements of Rule 23); *Lako v. Loandepot, Inc.*, 8:21-cv-01449-JLS-JDE, 2022 U.S. Dist. LEXIS 79063, at *12-13 (C.D. Cal. May 2, 2022) (expressing "serious concerns about [movant's] ability to protect the interests of absent class members fairly and adequately" because it "failed to select and apply a rational and consistently applied methodology for calculating its losses"); *Rodriguez*, 2021 WL 5282006, at *6, *9

8

(finding errors in a movant's motion papers "undoubtedly relevant and concerning, and play[] an important role in the Court's assessment of his adequacy as a putative class representative"); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (disqualifying movant with the largest loss when errors in sworn certification demonstrated a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"); *Vonage*, 2007 WL 2683636, at *7-8 n.8 (denying motion by movant whose certification "contained incorrect trading data and loss calculations," finding it to be "plagued with misinformation").

Here, the damages analysis submitted with Martinez and Keenan's initial motion papers asserted that he had incurred investment losses of approximately $466,174. *See* Dkt. No. 14-4 at 3. Then, three days later, Martinez and Keenan filed a Notice of Errata which restated his investment losses as only $381,074—a difference of roughly $85,000. Martinez and Keenan attributed the error to "the formula used in the underlying spreadsheet", which failed to apply "the correct 90-day lookback average" in calculating losses, as required by the PSLRA. *See* Dkt. No. 18.

Martinez and Keenan's error is disqualifying. The Court-appointed Lead Plaintiff in this litigation will be required to carefully review all significant filings. The fact that Martinez and Keenan's initial filings contained an $85,000 miscalculation, which caused Martinez to overstate his investment losses by more than 22%, calls into question whether Martinez and Keenan can be counted upon to serve in this role.

\* \* \* \*

Because Bruder and Slipher have the largest financial interest in the relief sought by the Class and otherwise satisfy Rule 23, they are the presumptive "most adequate plaintiffs" of the

9

Class within the meaning of the PSLRA.  To overcome the strong presumption entitling Bruder and Slipher to appointment as Co-Lead Plaintiffs, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiffs are inadequate or subject to disqualifying unique defenses.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Bruder and Slipher have selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  In 2018, Pomerantz secured a settlement of nearly $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A.–Petrobras—the largest securities class action settlement in a decade.  *See* Dkt. No. 17-7.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90

million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.* Thus, the Court may be assured that by approving the selection of counsel by Bruder and Slipher, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Bruder and Slipher respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Bruder and Slipher as Co-Lead Plaintiffs for the Class; and (3) approving Bruder and Slipher's selection of Pomerantz as Lead Counsel for the Class.

Dated:  June 11, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman (Bar Number: 700864)
J. Alexander Hood II (Bar Number: 700865)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for David Bruder and Randy Slipher and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for David Bruder*

11

## PROOF OF SERVICE

I hereby certify that on June 11, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

12