**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON, <br><br> Defendants. | Case No.: 1:24-cv-406 (MAD/DJS) <br><br> Hon. Mae A. D'Agostino |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON, <br><br> Defendants. | Case No.: 1:24-cv-598 (MAD/DJS) <br><br> Hon. Mae A. D'Agostino |

**SCOTT KEENAN AND JOSE MARTINEZ'S MEMORANDUM OF LAW IN
<u>OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS</u>**

**TABLE OF CONTENTS**

**Page**

I.     PRELIMINARY BACKGROUND .................................................................................. 1

II.    ARGUMENT ............................................................................................................... 3

    A.   The PSLRA Process.......................................................................................... 3

    B.   Messrs. Keenan and Martinez are the Presumptive Lead Plaintiffs ............................... 5

        1.   Messrs. Keenan and Martinez have the Largest Financial Interest in the Relief Sought by the Class........................................................................................... 5

        2.   Messrs. Keenan and Martinez Have Made the Requisite *Prima Facie* Showing of Their Typicality and Adequacy Under Rule 23.................................................... 8

    C.   No Proof Exists to Rebut the Presumption in Favor of Messrs. Keenan and Martinez's Appointment as Co-Lead Plaintiffs. ............................................................. 12

III.   CONCLUSION............................................................................................................. 13

ii

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atanasio v. Tenaris S.A.*,
   331 F.R.D. 21 (E.D.N.Y. 2019) ................................................................................ 5

*Bricklayers' & Allied Craftworkers Local #2 v. New Oriental Educ. & Tech. Grp. Inc.*,
   No. 22 Civ. 1014 (VM), 2022 U.S. Dist. LEXIS 87048 (S.D.N.Y. May 13, 2022) ................ 7

*Burnham v. Qutoutiao Inc.*,
   20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020) ..................... 10

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .................................................................................. 8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ................................................................................... 10

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ..... 13

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018) ..................................................................................... 4, 10

*Cortina v. Anavex Life Sci. Corp.*,
   No. 15-CV-10162 (JMF), 2016 U.S. Dist. LEXIS 45906 (S.D.N.Y. Apr. 5, 2016) ................ 7

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (AT) (BCM), 2016
   U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) ................................................... 2

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) .............................................................................. 10

*In re Facebook, Inc.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ..................................................................... 1, 4, 12

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................ 6

*Francisco v. Abengoa, S.A.*,
   No. 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................ 5

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y 2008) ............................................................................. 5

*Galmi v. Teva Pharms. Indus.*,
   302 F. Supp. 3d 485 (D. Conn. 2017) ...................................................................... 7

*Glavan v. Revolution Lighting Techs., Inc.*,
    No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29, 2019)................. 2

*Hansen v. Ferrellgas Partners, L.P.*,
    No. 06-7840, 2017 U.S. Dist. LEXIS 8145 (S.D.N.Y. Jan. 19, 2017) ............................... 4, 11

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 112 (S.D.N.Y. 2010) ...................................................................................... 2

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................................... 2

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015)............................................................................. 6

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .................................. 2

*In re LightInTheBox Holding Co., Sec. Litig.*,
    2013 U.S. Dist. LEXIS 165842 (S.D.N.Y. Nov. 21, 2013) ....................................................... 8

*Marsch v. Feng*,
    No. 12 Civ. 9456 (JSR), 2013 U.S. Dist. LEXIS 89853 (S.D.N.Y. June 12, 2013)............... 10

*Mustafin v. Greensky, Inc.*,
    No. 18-11071, 2019 U.S. Dist. LEXIS 55296 (S.D.N.Y. Mar. 29, 2019) .......................... 4, 10

*In re Olsten Corp. Securities Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................... 2

*Peters v. Jinkosolar Holding Co.*,
    No. 11 Civ. 7133 (JPO), 2012 U.S. Dist. LEXIS 38489 (S.D.N.Y. Mar. 19, 2012) ............... 8

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014)............................................................................. 9, 10

*Rodriguez v. Draftkings Inc.*,
    No. 21 Civ. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489 (S.D.N.Y. Nov. 12, 2021) ............. 7

*Rosi v. Alcaris Therapeutics, Inc.*,
    No. 19-CV-7118 (LTS) (JLC), 2019 U.S. Dist. LEXIS 192910 (S.D.N.Y. Nov. 6, 2019).... 12

*In re Sequans Commun. S.A. Securities Litig.*,
    289 F. Supp. 3d 416 (E.D.N.Y. 2018) ......................................................................... 3, 10

*Silverberg v. Dryships Inc.*,
    No. 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563 (E.D.N.Y. Aug. 21, 2018) ... 4,
    10

iv

*Sofran v. LaBranche & Co., Inc.*,
  220 F.R.D. 398 (S.D.N.Y. 2004) ........................................................................ 9

*Teamsters Loc. Union No. 727 Pension Fund v. Vanda Pharms., Inc.*,
  19 CV 1108 (FB)(LB), 2019 U.S. Dist. LEXIS 219572 (E.D.N.Y. May 24, 2019) ............ 1, 3

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008).............................................................. 4, 10

*In re Veeco Instruments, Inc.*,
  233 F.R.D. 330 (S.D.N.Y. 2005) ....................................................................... 2

*White Pine Investments v. CVR Refining, LP*,
  20 CIV. 2863 (AT), 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)...................... 8, 11

*Xiangdong Chen v. X Fin.*,
  19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020)............... 9

*Xu v. Gridsum Holding, LLC*,
  No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497 (S.D.N.Y. Sep. 17, 2018) ............... 9

**Statutes**

15 U.S.C. §78u-4 ........................................................................................ *passim*

Scott Keenan and Jose Martinez ("Messrs. Keenan and Martinez") timely moved to be appointed Co-Lead Plaintiffs and are the most adequate plaintiffs, as they have the largest financial interest in the Actions and otherwise satisfy Rule 23 of the Federal Rules of Civil Procedure. Accordingly, the Court should appoint Messrs. Keenan and Martinez as Co-Lead Plaintiffs in the Actions.

## I.     PRELIMINARY BACKGROUND

The Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities class actions. It instructs courts to appoint as lead plaintiff the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). That person, or group of persons, is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u–4(a)(3)(B)(iii)(I). They are then entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff". 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Teamsters Loc. Union No. 727 Pension Fund v. Vanda Pharms., Inc.*, 19 CV 1108 (FB)(LB), 2019 U.S. Dist. LEXIS 219572, at *10-11 (E.D.N.Y. May 24, 2019). This strong presumption can only be rebutted with "proof" that the movant is somehow inadequate or atypical. *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) ("***exacting proof***" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff).

On May 21, 2024, six movants or movant groups timely filed motions for appointments as Lead Plaintiff in the Actions.[1] Messrs. Keenan and Martinez possess the largest financial interest

---

[1] Lead Plaintiff motions were filed by: (i) Messrs. Keenan and Martinez; (ii) David Bruder and Randy Slipher; (iii) Hoa Quoc Vuong and Nancy Vuong; (iv) Jason Buchinger; (v) Fernando Gonzalez Penas; and (vi) Librex Group SAL.

of any movant that filed for lead plaintiff, having sustained a collective loss of $669,447.67 from trading in Plug securities. In addition, Mr. Martinez individually has the largest financial interest of any movant. This is necessarily outcome determinative when applying the *Olsten/Lax* factors as courts across the country typically do. These factors are "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period" (the "*Olsten/Lax* Factors"). *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019) (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332 (S.D.N.Y. 2005)); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Of the four factors, the fourth factor, the "approximate loss suffered," is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

Messrs. Keenan and Martinez also handily satisfy the adequacy and typicality requirements of Rule 23, which is all that is required at this stage in the litigation. *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at *14 (S.D.N.Y. Oct. 4, 2016) ("For the purposes of appointment as lead plaintiff pursuant to the PSLRA…, 'the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'") (quoting *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010)). As evidenced by their Joint Declaration filed with their opening motion papers, Messrs. Keenan and Martinez have made the requisite preliminary showing of typicality and adequacy under Rule 23. They are a small cohesive group of two business owners with 50

2

years of collective investing experience and are capable of supervising the litigation. *See* Joint Declaration, ECF No. 14-6. Prior to filing their motion, Messrs. Keenan and Martinez discussed their leadership roles in this case to ensure that they had a process in place for working cooperatively to oversee this litigation and their attorneys and obtain the best recovery possible for all class members. *Id*. at ¶ 11. Since then, Messrs. Keenan and Martinez have been in communication regarding the competing motions for lead plaintiff and strategy for staying apprised of the litigation as the lead plaintiff briefing progresses. Messrs. Keenan and Martinez also purchased their Plug shares on the open market and sustained damages in the same manner under the same theory of alleged fraud as all other investors. They therefore meet the typicality and adequacy requirements of Rule 23, especially in light of their selection of experienced counsel, Levi & Korsinsky, as Lead Counsel for the Class. *In re Sequans Commun. S.A. Securities Litig.*, 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018).

For these reasons, Messrs. Keenan and Martinez are entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff". 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Teamsters*, 2019 U.S. Dist. LEXIS 219572, at *10-11. This strong presumption can only be rebutted with "proof" that Messrs. Keenan and Martinez are somehow inadequate or atypical. No such proof exists here. Accordingly, and because there is no "proof" to rebut the "strong presumption" in their favor, Messrs. Keenan and Martinez should be appointed Co-Lead Plaintiffs here and all other competing motions should be denied.

## II.    ARGUMENT

### A.    The PSLRA Process

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. §78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Facebook*, 288 F.R.D. 26, 36-41.

As courts within this Circuit and throughout the country have recognized, the PSLRA expressly endorses the appointment of a group of class members as lead plaintiff where, as here, the group is small and therefore presumably cohesive and when there has been a showing of a willingness and ability to manage the litigation. 15 U.S.C. §78u-4(a)(3)(B)(i)-(iii); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388 (S.D.N.Y. 2008); *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *Mustafin v. Greensky, Inc.*, No. 18-11071, 2019 U.S. Dist. LEXIS 55296, at *15 (S.D.N.Y. Mar. 29, 2019) ("[T]he PLSRA ... expressly permits 'a group of persons' to be appointed lead plaintiff."); *Silverberg v. Dryships Inc.*, No. 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563, at *24 (E.D.N.Y. Aug. 21, 2018); *Hansen v. Ferrellgas Partners, L.P.*, No. 06-7840, 2017 U.S. Dist. LEXIS 8145, at *12-13 (S.D.N.Y. Jan. 19, 2017) ("[A]s the statute makes clear, groups of plaintiffs are specifically permitted by the PLSRA to be appointed lead plaintiff.").

After the presumptive lead plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of

the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B.      Messrs. Keenan and Martinez are the Presumptive Lead Plaintiffs**

**1.      Messrs. Keenan and Martinez have the Largest Financial Interest in the Relief Sought by the Class.**

Messrs. Keenan and Martinez have the largest financial interest of any competing movant in the Actions. In determining the movant, or group of movants, with the largest financial interest, the most important factor is approximate loss, which courts in this Circuit prefer to calculate using the LIFO methodology. *See* 15 U.S.C. §78u-4; *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 (E.D.N.Y. 2019). Courts in this District also consider four factors (the *Olsten/Lax* Factors) when identifying the movant with the greatest financial interest: "(1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y 2008). "[C]ourts have consistently held that… the magnitude of the loss suffered, is most significant." *Francisco v. Abengoa, S.A.,* No. 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *14 (S.D.N.Y. May 24, 2016).

Applying the *Olsten/Lax* Factors, there is no contest – Messrs. Keenan and Martinez's financial interest in the action is much larger than any other movant:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed LIFO Losses | Recoverable Losses |
|---|---|---|---|---|---|
| **Scott Keenan and Jose Martinez** | 156,000 | 141,600 | $1,102,645 | $669,447.67 | $669,447.67 |
| Scott Keenan | 41,000 | 40,000 | $459,840 | $317,530.32 | $317,530.32 |
| Jose Martinez | 115,000 | 101,600 | $642,805 | $381,074.34 | $381,074.34 |

| | | | | | |
|---|---|---|---|---|---|
| **David Bruder and Randy Slipher** | 429,708 | 53,000 | $864,238.99 | $675,662.00 | $508,218.63 |
| David Bruder | 342,708 | 0 | $368,832.53 | $368,832.53 | $201,372.49 |
| Randy Slipher | 87,000 | 53,000 | $495,406.46 | $306,846.14 | $306,846.14 |
| **Hoa Quoc Vuong and Nancy Vuong** | 208,911 | 54,202 | $614,265.45 | $490,334.18 | $391,489.33 |
| Hoa Quoc Vuong | 192,861 | 44,452 | $506,809.31 | $348,660.57 | $319,098.18 |
| Nancy Vuong | 16,050 | 9,750 | $107,456.14 | $72,768.16 | $72,391.16 |
| **Jason Buchinger** | 44,000 | 44,000 | $506,184.56 | $350,229.00 | $349,643.91 |
| **Fernando Gonzalez Penas** | 28,830 | 28,830 | $188,308.40 | $85,729.40 | $85,738.70 |
| **Librex Group SAL** | 16,000 | 14,000 | $77,113.00 | $27,300.09 | $27,195.11 |

*See* ECF Nos. 11-5, 13-6, 14-4, 15-4, 16-6, 17-4, and 18-1.[2]

As shown above, Messrs. Keenan and Martinez have a significantly greater interest under three of the four *Olsten*/*Lax* factors when evaluating each movants' financial interest, including the most important fourth factor, "approximate loss suffered." Messrs. Keenan and Martinez's approximate loss is over $160,000 more than that of the closest competing movant group, David Bruder and Randy Slipher ("Messrs. Bruder and Slipher"), with Mr. Martinez suffering the largest loss out of any individual movant. Messrs. Keenan and Martinez also expended over $238,000 more net funds and retained 88,600 more shares at the end of the Class Period than Messrs. Bruder and Slipher.

The only *Olsten/Lax* factor that Messrs. Keenan and Martinez do not "win" is "gross shares purchased," which is frequently regarded as the least important factor. *See Bricklayers' & Allied*

---

[2] ECF No. 18-1 contains Mr. Keenan's corrected loss calculation. As stated in the errata, the error was due to a technical spreadsheet formula calculation error. The error only affected Mr. Martinez and was immediately corrected. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015) ("minor or inadvertent mistakes made in a [loss calculations] do not strike at the heart of Rule 23's adequacy requirement"); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) ("relatively minor miscalculations do not serve as a basis for disqualifying").

*Craftworkers Local #2 v. New Oriental Educ. & Tech. Grp. Inc.*, No. 22 Civ. 1014 (VM), 2022 U.S. Dist. LEXIS 87048, at *9 (S.D.N.Y. May 13, 2022) ("the factors are commonly treated in ascending order of importance"); *Cortina v. Anavex Life Sci. Corp.*, No. 15-CV-10162 (JMF), 2016 U.S. Dist. LEXIS 45906, at *3 (S.D.N.Y. Apr. 5, 2016) ("the number of shares purchased as the least important"). In any event, consideration of that factor does not warrant a different outcome given the trading patterns belonging to Mr. Bruder and Ms. Vuong. While they purchased more gross shares, Mr. Bruder did not hold any of them through the end of the Class Period and Ms. Vuong's purchases were heavily offset by day-trading sales. Indeed, "given [her] status as a potential 'day trader,' [she] may be subject to unique defenses that make him an inappropriate lead plaintiff." *Galmi v. Teva Pharms. Indus.*, 302 F. Supp. 3d 485, 504 n.10 (D. Conn. 2017); *see also Rodriguez v. Draftkings Inc.*, No. 21 Civ. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489, at *19-20 (S.D.N.Y. Nov. 12, 2021) ("that Kaintz was a day trader—one who bought and sold DraftKings stock repeatedly even on single trading days . . . could indicate that Kaintz traded based on daily market volatility rather than reliance on defendants' alleged misrepresentations. And that possibility . . . exposes Kaintz's claims to unique defenses that, win or lose, would distract from the litigation and sap his effectiveness on behalf of the class.").[3]

Messrs. Bruder and Slipher's motion papers contradict the above table in one significant way: they claim in their motion papers to have lost $675,662.00. *See* ECF Nos. 17-4 and 17-2, p. 2. The loss figure they rely upon does not accurately reflect their "recoverable losses" under the

---

[3] Even a cursory review of Ms. Vuong's trading shows that she engaged in multiple buy and sell transactions simultaneously during the course of the Class Period. For example, on August 10, 2023, she purchased and sold *thousands* of shares (upwards of 30,000) simultaneously in the course of just that day alone. *See* Dkt. No. 16-5. She engaged in a similar trading pattern at various other times during the Class Period over confined periods consisting of just a few trading sessions, *e.g.*, buying thousands of shares only to turn around and sell them the next day.

securities laws, as required. *See In re LightInTheBox Holding Co., Sec. Litig.*, 2013 U.S. Dist. LEXIS 165842, at *10 (S.D.N.Y. Nov. 21, 2013) (applying the *Dura* methodology to calculate greatest financial interest). In fact, many of the transactions Messrs. Bruder and Slipher rely upon resulted in a gain. Messrs. Bruder and Slipher should have offset their claimed loss by the gains they realized during the Class Period, thereby reducing their recoverable losses to $508,218.63 (*i.e.*, a difference of over $167,000 compared to their claimed losses).[4] Thus, Messrs. Keenan and Martinez easily have the largest financial interest of all movants. This fact further evidences that the group was not formed simply to aggregate losses to achieve the largest financial interest. *See White Pine Investments v. CVR Refining, LP*, 20 CIV. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *5 (S.D.N.Y. Jan. 5, 2021) ("[W]here the group comprises the class members with, far and away, the largest financial interest of any individual or group (that has otherwise come forward), then the policy is not disserved by allowing those individuals to join together.") (citing *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO), 2012 U.S. Dist. LEXIS 38489, at *25 (S.D.N.Y. Mar. 19, 2012)).

## 2. Messrs. Keenan and Martinez Have Made the Requisite *Prima Facie* Showing of Their Typicality and Adequacy Under Rule 23.

Once the movant or movant group with the largest financial interest has been established – here Messrs. Keenan and Martinez – the Court must next assess whether that movant or movant group has satisfied *prima facie* Rule 23 typicality and adequacy. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced

---

[4] An annotated loss analysis is attached to the Supplemental Declaration of Adam M. Apton filed herewith. The loss analysis identifies (in highlight) which of Messrs. Bruder and Slipher's transactions resulted in gains.

that some other plaintiff would do a better job."). In appointing a lead plaintiff, a district court must determine whether the movant has made a *prima facie* showing of typicality and adequacy. *Xiangdong Chen v. X Fin.*, 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *9 (E.D.N.Y. May 13, 2020) ("[i]n a PSLRA motion to appoint Lead Plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two Rule 23 requirements—typicality and adequacy—are satisfied."). Moreover, it is well established that the district court's consideration of adequacy and typicality is not a "beauty contest" amongst the movants. *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("[o]nce the court 'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'"). Here, Messrs. Keenan and Martinez handily satisfy the typicality and adequacy requirements of Rule 23.

Messrs. Keenan and Martinez easily satisfy the typicality requirement of Rule 23. Their claims are typical of those of other Class members because, like other Class members, Messrs. Keenan and Martinez purchased Plug securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Actions. Messrs. Keenan and Martinez suffered substantial losses as a result of the alleged fraud in the Actions. Moreover, Messrs. Keenan and Martinez's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014); *Xu v. Gridsum Holding, LLC*, No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497, at *11 (S.D.N.Y. Sep. 17, 2018) (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement).

9

Messrs. Keenan and Martinez have also demonstrated their adequacy to serve as Lead Plaintiff in the Actions. Messrs. Keenan and Martinez have the largest financial interest in the Actions. This will ensure their vigorous and adequate prosecution of the Class's claims. *Burnham v. Qutoutiao Inc.*, 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *7-8 (S.D.N.Y. Nov. 4, 2020); *see also Marsch v. Feng*, No. 12 Civ. 9456 (JSR), 2013 U.S. Dist. LEXIS 89853, at *5 (S.D.N.Y. June 12, 2013) (adequacy satisfied where movants suffered heavy losses to "ensure vigorous advocacy on behalf of the class."). Messrs. Keenan and Martinez also have no conflicts with other Class Members. Indeed, its interests are perfectly aligned with the Class's interests of maximizing a recovery for the Class due to the alleged fraud in the Actions. *Reitan*, 68 F. Supp. 3d at 400.

Importantly, Messrs. Keenan and Martinez also constitute a permissible group of shareholders who will adequately represent the Class. "The majority of courts permit unrelated investors to join together as a group and evaluate a motion to do so on a case-by-case basis, evaluating whether the grouping best serves the interest of the class." *In re Sequans Commun. S.A. Securities Litig.*, 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018) (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)); *see also China Agritech*, 138 S. Ct. 1800, 1807 n.3 ("District courts often permit aggregation of plaintiffs into plaintiff groups."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff."); *Mustafin*, 2019 U.S. Dist. LEXIS 55296, at *15 (group of three investors that submitted a joint declaration was "presumptively cohesive" due to its small size); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 n.18 (S.D.N.Y. 2005) (collecting cases and noting that the majority view is that unrelated investors can act together as lead plaintiff if other requirements of adequacy were satisfied); *Silverberg*, 2018 U.S. Dist. LEXIS 225563, at

10

*24; *Hansen*, 2017 U.S. Dist. LEXIS 8145, at *12-13 ("[A]s the statute makes clear, groups of plaintiffs are specifically permitted by the PLSRA to be appointed lead plaintiff.").

Messrs. Keenan and Martinez have demonstrated their adequacy by submitting a joint declaration attesting that each movant is a sophisticated investor, knowledgeable about the litigation, and committed to working together as Co-Lead Plaintiffs to protect the interests of the Class. *See White Pine*, 2021 U.S. Dist. LEXIS 1199, at *3. As set forth in the Joint Declaration submitted with their motion, Messrs. Keenan and Martinez acknowledge that each movant understands the obligations of a lead plaintiff under the PSLRA and plan to prosecute these Actions efficiently. *See* Joint Declaration, ECF No. 14-6. Mr. Keenan resides in Kellogg, Iowa and possesses a Bachelor of Arts. *Id.* at ¶3. He is the owner of Exit 173 Inc, a cafe and campground business established in 2016 with 8 employees. *Id.* Mr. Keenan considers himself to be a sophisticated investor and has been investing in securities for 20 years. *Id.* Further, he has experience hiring and overseeing attorneys for real estate and corporate related matters. *Id.* Mr. Martinez resides in Houston, Texas and is the owner of SS Industrial Supplies, Inc. with six employees. *Id.* at ¶4. He considers himself to be a sophisticated investor and has been investing in securities for thirty years. *Id.* Messrs. Keenan and Martinez's Joint Declaration makes clear that the two group members are educated investors with collective investing experience of 50 years. *Id.* at ¶¶ 3-4.

Messrs. Keenan and Martinez communicated with one another prior to the filing of the Motion regarding the (i) facts and the merits of the claims alleged in these Actions; (ii) the strategy for the prosecution of these Actions; (iii) mechanisms to efficiently and effectively oversee counsel and manage these Actions; (iv) the losses each movant suffered as a result of the alleged fraud; (v) their different backgrounds; (vi) their commitment to and interest in serving as Co-Lead Plaintiffs;

and (iv) strategies to stay in communication with one another throughout the litigation. *Id*. at ¶ 8. Messrs. Keenan and Martinez also established methods to communicate with one another and a decision-making procedure. *Id*. at ¶ 14. In fact, since executing their first Joint Declaration, Messrs. Keenan and Martinez have taken concrete steps in furtherance of their intention to actively manage the litigation and have been in communication with one another throughout the litigation process thus far via email and telephone. Since filing their motion, Messrs. Keenan and Martinez have been in contact with one another and their counsel to discuss the status of the Actions and the progression of the lead plaintiff motions.

Finally, Messrs. Keenan and Martinez have demonstrated their adequacy by selecting qualified counsel with substantial experience litigating securities class actions. *See* ECF No. 14-7; *Rosi v. Alcaris Therapeutics, Inc.*, No. 19-CV-7118 (LTS) (JLC), 2019 U.S. Dist. LEXIS 192910, at *9-10 (S.D.N.Y. Nov. 6, 2019) (the adequacy requirement is satisfied where "class counsel is qualified, experienced, and generally able to conduct the litigation.")

**C.    No Proof Exists to Rebut the Presumption in Favor of Messrs. Keenan and Martinez's Appointment as Co-Lead Plaintiffs.**

Having demonstrated that Messrs. Keenan and Martinez are the presumptive Lead Plaintiffs in the Actions, that strong presumption can be rebutted only with proof that the movant with the largest financial interest is atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Facebook,* 288 F.R.D. 26, 40 ("exacting proof" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). Messrs. Keenan and Martinez have no conflicts with the members of the class and are motivated to recover the heavy losses they suffered. Moreover, as a small and cohesive group of only two sophisticated investors, the presumption in favor of Messrs. Keenan and Martinez cannot be rebutted. *See Chahal v. Credit Suisse Grp. AG*,

12

No. 18-CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *18 (S.D.N.Y. June 21, 2018) (presumption not rebutted where group members are sophisticated, where group chose counsel and not vice versa, and where joint declaration shows commitment to litigation and plans to cooperate).

## III.   CONCLUSION

For the foregoing reasons, Messrs. Keenan and Martinez respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the Actions, (2) appointing Messrs. Keenan and Martinez as Co-Lead Plaintiffs, (3) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: June 11, 2024                         Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Gregory M. Nespole*
Gregory M. Nespole
(Bar Roll Number: 520397)
Adam M. Apton (admitted *pro hac vice*)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: gnespole@zlk.com
Email: aapton@zlk.com

*Lead Counsel for Scott Keenan and Jose Martinez,
and [Proposed] Lead Counsel for the Class*

13