UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>      Defendants. | **Case No.: 1:24-cv-00406-MAD-DJS**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HOA QUAC VONG AND NANCY VONG'S LEAD PLAINTIFF MOTION**<br><br>**<u>CLASS ACTION</u>** |
| DONGHO LEE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>      Defendants. | **Case No. 1:24-cv-00598-MAD-DJS**<br><br>**<u>CLASS ACTION</u>** |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................2

    I.     COMPETING MOVANTS CONCEDE THAT THE VUONGS HAVE THE
          LARGEST INDIVIDUAL LOSS REGARDLESS OF METHODOLOGY ........... 2

    II.    THE COMPETING MOVANTS HAVE DEMONSTRATED THEIR
          INABILITY TO DIRECT THE LITIGATION AS A GROUP .............................. 3

CONCLUSION......................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Constance Sczesny Tr. v. KPMG LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ................................................................................................ 6

*Gilbert v. Azure Power Glob. Ltd.*,
  No. 1:22-CV-7432-GHW, 2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) .................................. 6

*Ho v. NQ Mobile, Inc.*,
  2014 WL 1389636 (S.D.N.Y. Apr. 9, 2014) .............................................................................. 4

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ................................................................................................ 2

*In re Initial Pub. Offering Sec. Litig.*,
  227 F.R.D. 65 (S.D.N.Y. 2004) .................................................................................................. 6

*In re Level 3 Commc'ns, Inc. Sec. Litig.*,
  2009 WL 10684924 (D. Colo. May 4, 2009) ............................................................................. 3

*In re McDermott Int'l, Inc. Sec. Litig.*,
  2009 WL 579502 (S.D.N.Y. Mar. 6, 2009) ............................................................................... 2

*Int'l Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc.*,
  2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015) ........................................................................... 2

*Kniffin v. Micron Tech., Inc.*,
  379 F. Supp. 3d 259 (S.D.N.Y. 2019) ................................................................................... 3, 4

*Miller v. Dyadic Int'l, Inc.*,
  No. 07-80948-CIV, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) ............................................ 4

*Perez v. HEXO Corp.*,
  No. 19 CIV. 10965 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) ................................. 5

*Prefontaine v. Research in Motion Ltd.*,
  No. 11 Civ. 4068 (RJS), 2012 WL 104770 (S.D.N.Y. Jan. 5, 2012) ........................................ 6

*Shiqiang Chen v. NQ Mobile*,
  No. 4:18-CV-00096, 2018 WL 2441589 (E.D. Tex. May 31, 2018) ......................................... 4

*Stires v. Eco Sci. Sols., Inc.*,
  No. CV 17-3707(RMB/KMW), 2018 WL 5784817 (D.N.J. Feb. 14, 2018) ............................. 3

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ....................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................ 6

**INTRODUCTION**

Lead plaintiff movants Hoa Quoc Vuong and Nancy Vuong (the "Vuongs") respectfully submit this reply memorandum of law in further support of their lead plaintiff motion. Apart from the Vuongs, two competing groups of unrelated investors cobbled together by counsel remain: Scott Keenan & Jose Martinez (the "Martinez Group") and David Bruder & Randy Slipher (the "Bruder Group").

Preliminarily, both the Martinez and Bruder Groups concede that the Vuongs have the largest financial interest compared to any individual member of the Martinez or Bruder Groups. Stated differently, the competing movants concede that but for their counsel's grouping of unrelated investors, the Vuongs have the largest financial interest—irrespective of the various loss calculations. Thus, the Vuongs are the presumptive lead plaintiffs under the PSLRA and should be appointed lead plaintiffs.

That said, the Martinez and Bruder Groups' initial and opposition papers demonstrate that the Court should not aggregate their unrelated losses to overcome the Vuongs. Neither group has shown any specific client-driven reason for these unrelated individuals to come together—none is provided. Rather, the unrelated groups have variously submitted similarly worded boilerplate joint declarations that courts across the country have rejected. Additionally, none of the groups have submitted any compelling reasons or circumstances that justify aggregation—let alone overcome the numerous case authorities from courts in this Circuit and elsewhere that routinely reject unrelated groups like the Martinez and Bruder Groups.

Because the Court should not aggregate the losses of the Martinez and Bruder Groups and the Vuongs have the largest financial interest and are adequate and typical, the Vuongs are the presumptive lead plaintiffs. As no competing movant has submitted any proof to demonstrate that the Vuongs are inadequate or atypical, their motion should be granted.

1

**ARGUMENT**

I.    COMPETING MOVANTS CONCEDE THAT THE VUONGS HAVE THE LARGEST INDIVIDUAL LOSS REGARDLESS OF METHODOLOGY

The Bruder and Martinez Groups' charts somewhat differ in their tabulation of the Vuongs' losses, which the Vuongs do not concede to be accurate, as they are either unexplained (in the case of the Martinez Group, Dkt. No. 29) or the apparent product of mathematical error (in the case of the Bruder Group, Dkt. No. 28).[1] The Vuongs reaffirm their calculated loss of $490,334.18. However, the accuracy (or lack thereof) of these loss tabulations is largely irrelevant. Under any of the Movants' calculations – even the Martinez Group's claim that the Vuongs only lost $391,000 – the Vuongs still have a higher loss than any individual in the Bruder or Martinez Groups.

While movant groups with no pre-existing relationship are disfavored in this jurisdiction, most disfavored are those that are created to overcome the loss of an individual or pre-existing group movant. *Int'l Union of Operating Engineers Loc. No. 478 Pension Fund v. FXCM Inc.*, 2015 WL 7018024, at *3 (S.D.N.Y. Nov. 12, 2015) (rejecting lead plaintiff group because "it has the highest financial losses only if it is allowed to aggregate the losses of its two unrelated members."); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 119 (E.D.N.Y. 2012) (in rejecting a lead plaintiff group, writing that "the Court is particularly skeptical of the proposed amalgamation, because this is not the situation where there is a pre-existing relationship or where the incurred losses of the separate institutional investors individually exceed the losses of any other.")

Here the Vuongs, as sisters, are presumed to be capable of cooperation and working together as a unit. *See In re McDermott Int'l, Inc. Sec. Litig.*, 2009 WL 579502, at *4 (S.D.N.Y.

---

[1] The Bruder Group's brief retains the Vuong's total loss of $490,334, but oddly reaches that figure by adding $348,646 and $72,765. The Martinez Group does not directly explain its rationale for cutting Hoa Vuong's losses, beyond labeling it "Recoverable Losses".

2

Mar. 6, 2009) (holding that, because the members of the Adams Family are not "unrelated investors," there is no need for them to "proffer an evidentiary showing that unrelated members of a group will be able to function cohesively.") (internal citations omitted).

Because the Vuongs have the highest loss of any individual or related group, it is not necessary to evaluate the qualifications of the unrelated Martinez and Bruder Groups; it is clear from the losses of the individual group members that they were only cobbled together by counsel to create a large financial interest. There is no viable reason put forth as to why this Court should set aside the Vuongs' losses and look to either of the lawyer-made groups to represent the putative class.

II.    THE COMPETING MOVANTS HAVE DEMONSTRATED THEIR INABILITY TO DIRECT THE LITIGATION AS A GROUP

Courts require members of a group to make "an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 262 (S.D.N.Y. 2019). This is an affirmative burden that falls on the groups, and here, neither the Bruder nor Martinez Groups have made this showing. As explained in the Vuongs' opposition, the Bruder and Martinez groups are improper groups and their boilerplate submissions do not indicate otherwise. (Dkt. No. 30, at 3-5, 7-8). The groups' opposition papers fare no better and actually demonstrate the groups' inability to work cohesively and effectively.

Counsel for the Bruder Group is experienced in the field of securities class actions. (Dkt. No. 28 at 10). Bruder Group's counsel is well aware that courts routinely reject or discount lead plaintiff group movants who do not timely submit such evidence. *See e.g. In re Level 3 Commc'ns, Inc. Sec. Litig.*, 2009 WL 10684924, at *4 (D. Colo. May 4, 2009); *Stires v. Eco Sci. Sols., Inc.*,

3

No. CV 17-3707(RMB/KMW), 2018 WL 5784817 (D.N.J. Feb. 14, 2018) (determining that a group of five could not be counted on to monitor counsel in a sufficient manner because, *inter alia*, it filed its joint declaration after the lead plaintiff motion was filed); *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 WL 2441589, at *2 (E.D. Tex. May 31, 2018) ("Any supplement or augmentation of the motion must also take place within the sixty-day deadline."); *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at *5 (S.D. Fla. Apr. 18, 2008) ("[T]o allow supplementation after the expiration of the sixty (60) day period would be inconsistent with both the language and purposes of the PSLRA."). That the Bruder Group failed to submit a Joint Declaration with their opening papers is *prima facie* evidence that the group was a last-minute creation and/or of its inability to function cohesively or properly.

Obviously, the members of the Bruder Group either lack motivation or are unwilling to take an active enough role in the litigation to timely review and submit a joint declaration. Being able to direct the litigation and to take an active role is a cornerstone requirement of lead plaintiffs under the PSLRA. *See Kniffin*, 379 F. Supp. 3d at 262 (stating that in considering appointing an unrelated group, "a court must consider one overarching concern—whether the related members of the group can function cohesively and effectively manage the litigation apart from their lawyers.") (internal quotation marks omitted); *Ho v. NQ Mobile, Inc.*, 2014 WL 1389636, at *4 (S.D.N.Y. Apr. 9, 2014) ("Accordingly, a proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs.").

The Martinez Group initially claimed that Martinez had $466,174 in losses; three days later, they reduced that number via errata to $381,074, amounting to a gap of $85,000. *See* Dkt. No. 18. While some courts have let mathematical errors slide, the large error here should weigh

4

against the Martinez Group. When this sizable error is considered holistically, with the unrelated nature of the group, the boilerplate Joint Declaration (Dkt. No. 30, at 4-5), and the atypical options trading of Scott Keenan (*Id.*, at 6-7), this error further demonstrates the haste surrounding the Group's creation and its inability to function properly. Moreover, there is no evidence before the Court regarding whether Martinez himself was aware of this error at the time he agreed to serve as a lead plaintiff or even as part of a group.

III.   THE COMPETING MOVANTS LARGELY CONCEDE THE ADEQUACY AND TYPICALITY OF THE VUONGS

No competing movant has raised any concerns regarding the Vuongs, their adequacy, or their typicality, with only one exception: the Martinez Group's contention that Hoa Quoc Vuong is a day trader. This speculation fails for two reasons. First, Hoa Quoc Vuong is not a day trader. A day trader is someone "who executes a relatively large volume of short and long trades to capitalize on intraday market price action [. . .] often clos[ing] all trades before the end of the trading day, so as not to hold open positions overnight." (Investopedia, https://www.investopedia.com/terms/d/daytrader.asp). Hoa Quoc Vuong continually built a position over the course of eight months, with only a single instance (8/10/2023) of her executing multiple buy and sell orders on the same day. *See* Dkt. No. 16-5. Indeed, she held the stock for months before she even sold once. *See id.*[2]

Second, even assuming *arguendo* that Hoa Quoc Vuong was a day trader, Courts in this Circuit hold that day traders can serve as lead plaintiff. *See Perez v. HEXO Corp.,* No. 19 CIV. 10965 (NRB), 2020 WL 905753, at *4 (S.D.N.Y. Feb. 25, 2020) ("the prevailing view in this Circuit is that day and momentum traders have the same incentives to prove defendants' liability

---

[2] Ironically, the lead plaintiff movant whose trading patterns are most vulnerable to the charge that they are atypical of the putative class is the Martinez Group's own Scott Keenan, whose losses come almost exclusively from his failed option selling strategies, and the resulting assignment of shares to his account. *See* Dkt. No. 14-4.

5

as all other class members, and their presence in a securities class does not create intra-class conflicts." (internal quotes omitted) (citing *Prefontaine v. Research in Motion Ltd.*, No. 11 Civ. 4068 (RJS), 2012 WL 104770, at *4 (S.D.N.Y. Jan. 5, 2012) (quoting *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 108 (S.D.N.Y. 2004)), *rev'd on other grounds*, 471 F.3d 24 (2d Cir. 2006)); *see also Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-CV-7432-GHW, 2022 WL 17539172, at *6 (S.D.N.Y. Dec. 8, 2022) ("Even if Ms. Lokman qualified as a day trader based on the single day that she engaged in four transactions in Azure stock, courts in this Circuit have permitted day traders to serve as lead plaintiffs.").

In short, the Vuongs are the presumptive lead plaintiffs as they have the largest financial interest *and* made a showing of their adequacy and typicality. (Dkt. No. 16-2, at 11); *see also*, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). The Martinez Group's speculation that Hoa Quoc Vuong is day trader is wrong on the facts and law, and falls well short of the requisite *proof* required to rebut the Vuongs' lead plaintiff presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also, Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence ...."). Therefore, the Vuongs' motion should be granted in its entirety and the competing motions should be denied.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Vuongs respectfully reaffirms its request that the Court issue an Order: (1) appointing the Vuongs as Lead Plaintiff of the Class; (2) approving the Vuongs' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

6

Dated: June 18, 2024                    Respectfully submitted,

**PAWAR LAW GROUP P.C.**

/s/ Vikrant Pawar
Vikrant Pawar
20 Vesey Street, Suite 1410
New York, NY 10007
Telephone: (212) 571-0805
Email: vikrantpawaresq@gmail.com

*Additional Counsel for Lead Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs and Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Vikrant Pawar

8