# Levi & Korsinsky

33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam M. Apton
aapton@zlk.com

June 20, 2024

**VIA CM/ECF**

Hon. Daniel J. Stewart, U.S.M.J.
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

> **Re:**   ***Adote v. Plug Power Inc. et al.*, Case No. 1:24-cv-00406-MAD-DJS**
> ***Lee v. Plug Power Inc. et al.*, Case No. 1:24-cv-00598-MAD-DJS**

Dear Judge Stewart:

Our office represents lead plaintiff movants Scott Keenan and Jose Martinez. We respectfully refer to today's earlier requests for leave to file replies in further support of the pending motions for lead plaintiff. *See* Dkt. Nos. 32, 33. We oppose the requests in part.

Movants Hoa and Nancy Vuong filed an unauthorized reply brief on June 18, 2024. Dkt. No. 31. Now, two days after the fact, they ask for permission to file the brief. Nothing about their brief or untimely request for leave is procedurally proper. Though they claim confusion over Judge D'Agostino's "individual rules" (DKt. No. 32, p. 1), even a cursory review of Her Honor's rulings shows no exception to Local Rule 7.1(a)(2). "In the Northern District, reply papers on non-dispositive motions are not permitted without the Court's prior permission." *Conmed Corp. v. Fed. Ins. Co.*, 2022 U.S. Dist. LEXIS 135786, at *7 n.1 (N.D.N.Y. Aug. 1, 2022) (D'Agostino, J.).

If the Court is willing to overlook the procedural improprieties of the Vuongs' request for leave, Messrs. Keenan and Martinez would respectfully seek leave to respond to the unfounded arguments concerning the errata they filed. Counsel for Messrs. Keenan and Martinez filed the errata after noticing an Excel spreadsheet formula error that inadvertently failed to account for the 90-day look-back price when calculating Mr. Martinez's losses pursuant to the Exchange Act. This is markedly different than what occurred in the cases cited by the Vuongs (or, for that matter, the cases cited by Messrs. Bruder and Slipher, Dkt. No. 28, pp. 8-9), which involved material omissions of transaction information and/or attempts to increase loss figures after initial

motion papers were filed. Nothing of that nature occurred here; instead, counsel identified an error and corrected it immediately.

Inadvertent technical errors such as this are not material to adequacy or typicality. *In re SLM Corp. Sec. Litig.*, 2012 U.S. Dist. LEXIS 8158, at *24 (S.D.N.Y. Jan. 24, 2012) (at class certification, "Courts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties.") (citing *In re IPO Sec. Litig.*, 227 F.R.D. 65, 98 (S.D.N.Y. 2004)). Messrs. Keenan and Martinez should not be chastised for amending their original loss chart. *Hansen v. Ferrellgas Partners, L.P.*, 2017 U.S. Dist. LEXIS 8145, at *19-20 (S.D.N.Y. Jan. 19, 2017) ("the Court would be extremely reluctant to impose a rule that would force lead plaintiff movants to choose between leaving mistakes in their filings uncorrected or correcting the mistake and being summarily disqualified."). The Vuongs' counsel knows this full-well given the position they adopted (successfully) in *Sunlight Financial* where, due to "an inadvertent clerical error," their client "understated his losses."[1] In addition, Mr. Martinez's corrected calculation did not change the fact of the matter that Messrs. Keenan and Martinez remain the movants with the largest financial interest in the action. They still lost over $160,000 more than Messrs. Bruder and Slipher, and nearly $278,000 more than the Vuongs.

Messrs. Bruder and Slipher also seek leave to file a reply brief. Messrs. Keenan and Martinez take no position on that request in light of it appearing to be procedurally proper.

Respectfully,

Adam M. Apton (admitted *pro hac vice*)
Partner

---

[1] A true and accurate copy of the Vuongs' counsel's brief in *Sunlight Financial* is attached hereto for the Court's reference.