**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>     Defendants. | **Case No.: 1:24-cv-00406-MAD-DJS**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF HOA QUOC VUONG AND NANCY VUONG'S APPEAL FROM MAGISTRATE JUDGE'S ORDER APPOINTING DAVID BRUDER AND RANDY SLIPHER LEAD PLAINTIFFS**<br><br>**<u>CLASS ACTION</u>** |

**Table of Contents**

**PRELIMINARY STATEMENT** ...................................................................................................1

**PROCEDURAL BACKGROUND**................................................................................................1

**THE ORDER**..............................................................................................................................3

**ARGUMENT**..............................................................................................................................5

    **I. LEGAL STANDARD**...........................................................................................................5

    **II. OVERWHELMING MAJORITY OF COURTS REFUSE TO AGGREGATE LOSSES OF UNRELATED INVESTORS**................................................................................5

    **III. VUONGS SHOULD BE APPOINTED LEAD PLAINTIFFS** .......................................8

**CONCLUSION** .........................................................................................................................8

## PRELIMINARY STATEMENT

Hoa Quoc Vuong and Nancy Vuong (the "Vuongs") respectfully submit this memorandum of law pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(b) in support of their objections to, and appeal from, Magistrate Judge Daniel J. Stewart's Memorandum - Decision & Order filed November 22, 2024 (Dkt. No. 43) (the "Order") appointing David Bruder and Randy Slipher as lead plaintiffs.

The Order ignores the overwhelming majority of case law which hold that unrelated groups of investors brought together by counsel are not permitted to aggregate their losses in order to obtain lead plaintiff status under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S. Code § 78u–4.  The Order should be reversed.

## PROCEDURAL BACKGROUND

An initial complaint was filed on March 22, 2024. Dkt. No. 1. Pursuant to the PSLRA, six movants filed lead plaintiff motions on May 21, 2024. Dkt. Nos. 11, 13, 14, 15, 16, and 17. On June 11, 2024, three movants – Librex Group SAL, Fernando Gonzalez Penas, and Jason Buchinger – conceded that they did not have the largest financial interest and did not oppose the competing lead plaintiff motions. Dkt. Nos. 24, 26, and 27.

The three remaining movants were:

- the Vuong sisters: Hoa Quoc Vuong, who lives in Texas and is a business owner in the personal care industry and has been investing for approximately five years, and Nancy Vuong, who lives in Texas and is a business owner and entrepreneur and has been investing for approximately four years;

- an unrelated group of two investors: David Bruder of Texas and Randy Slipher of Oregon (the "Bruder Group"); and

1

- an unrelated group comprised of Scott Keenan of Iowa and Jose Martinez of Texas (the "Keenan Group"). Dkt. Nos. 27, 28, and 29.

The losses of the remaining movants from their opening papers are summarized below:

| Movant | Loss |
|---|---|
| The Vuongs | $490,334.18 |
| Bruder Group | |
| David Bruder | $368,883 |
| Randy Slipher | $306,829 |
| Keenan Group | |
| Scott Keenan | $317,530.32 |
| Jose Martinez | $381,074.34 |

On June 11, 2024, the Vuongs, the Bruder Group and Keenan Group filed oppositions to each other's motions.  In opposition, the Vuongs argued that the Bruder and Keenan Groups were improper unrelated groups created by counsel. The Vuongs alerted the Court that none of the Bruder and Keenan Group's filings demonstrated a client-driven reason for the grouping and none was provided.  The Bruder Group did not even attempt to make a showing of its proper formation as it neglected to include a joint declaration with its opening papers. While the Keenan Group submitted a joint declaration with its opening papers, the Vuongs argued that the conclusory and boilerplate statements therein were similar to ones rejected by a number of Courts.  The Vuongs also argued that Scott Keenan of the Keenan Group primarily traded options, rendering him inadequate and atypical. The Vuongs also alerted the Court of the fact that neither of the two groups had presented any dispute resolution procedure. The oppositions did not challenge, and thus conceded, the Vuongs' adequacy and typicality under Rule 23.  While the Bruder and Keenan Groups challenged the various methodologies in calculating losses, under either methodology, the Vuongs have the largest losses of any individual member of the Bruder or Keenan Groups.

On June 18, 2024, the Vuongs filed a reply, for which the court granted leave on June 21, 2024. Dkt. Nos. 31, 32, 35. The Bruder Group sought leave to file a reply on June 20, 2024 and

attached their proposed reply brief to their letter motion. Dkt No. 33. The court granted leave on June 21, 2024. Dkt. No. 36. On June 26, the Keenan Group sought leave to file a reply, which was granted on July 2, 2024. Dkt. Nos. 38, 39. The Keenan Group filed their reply on July 2, 2024. Dkt. No. 40.

In their reply briefs, the Bruder and Keenan Groups continued arguing about losses, but they did not challenge, and thus conceded, that the Vuongs had the largest loss. Additionally, both groups still did not provide any specific client driven reason as to why the unrelated grouping was necessary or beneficial to the class.

On October 29, 2024, Magistrate Judge Stewart heard oral arguments on the lead plaintiff motions.  On November 22, 2024, Magistrate Judge Stewart issued the Order.

## **THE ORDER**

The Order permitted the unrelated Bruder and Keenan Groups to aggregate their losses in assessing financial interest under the PSLRA. In pertinent part, the Order stated that the "Second Circuit has routinely permitted the aggregation of claims for purposes of appointment of lead plaintiff" and cited *Cushman v. Fortress Biotech, Inc.*, 2021 WL 7449182, at *6 (E.D.N.Y. Mar. 24, 2021), *aff'd*, 2021 WL 1526172 (E.D.N.Y. Apr. 19, 2021). The Order, at 11. As a preliminary matter, the majority of the courts in the Second Circuit do not allow unrelated groups to aggregate their losses for determining lead plaintiff status as it runs contrary to the PSLRA goal to prevent lawyer-driven litigation.[1] In the minority of cases when unrelated groups are permitted, the unrelated group must make a showing of their cohesion beyond a boilerplate declaration.

---

[1] Unlike the Bruder and Keenan Groups, the Vuongs, as sisters, have a pre-litigation relationship, and courts allow such related groups to aggregate their losses. *Freudenberg v. E*Trade Financial Corp.*, 2008 WL 2876373, at *5 (S.D.N.Y. July 16, 2008) (allowing a group of three movants with a pre-litigation relationship to aggregate their losses); *see also*, *Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *10 (N.D. Cal. Aug. 30, 2021) (finding aggregation was appropriate when there was a pre-litigation relationship).

In *Cushman*, the case relied upon by Magistrate Judge Stewart, each of the two members of the movant group had greater losses than the sole competing movant; that is not so here. Furthermore, in *Cushman*, Magistrate Judge Roanne Mann stated, "Courts approve these lead plaintiff groups upon finding other indicia that demonstrate the group's ability to effectively manage the demands of litigation." In the Order, Magistrate Judge Stewart did not address the fact that the Bruder Group belatedly filed a boilerplate joint declaration – precisely the type of boilerplate declaration that the majority of the courts in the Second Circuit have found to be insufficient to demonstrate an unrelated group's cohesion. The joint declaration also fails to give any client-driven reason for co-lead plaintiffs beyond conclusory statements. Additionally, the fact that the insufficient joint declaration was filed late is proof that the Bruder Group is incapable of effectively managing the litigation.

Secondly, Magistrate Judge Stewart did not address the dispute resolution mechanism outlined in the Bruder Group's joint declaration, which would essentially cede control of the litigation to an individual who has a smaller loss than the Vuongs. This goes against the purpose of the PSLRA, which calls for the movant with the largest financial interest to control the litigation. Regardless of how the loss figure is calculated, no individual movant claims a larger loss than the Vuongs. In other words, if the unrelated groups are not permitted to aggregate their losses, the individual members cannot overcome the Vuongs' losses.

The Order found that, "both the Bruder group and the Martinez group have sufficiently established to the Court both a significant financial interest, as well as the workable methodology for proceeding forward in the best interests of the class." The Order, at 11. By ignoring the majority of the courts in this Circuit and the evidence before the court, Magistrate Judge Stewart made a clear error appointing the Bruder Group as lead plaintiffs.

4

## ARGUMENT

### I.    LEGAL STANDARD

A magistrate judge's order is subject to review by the district court. The district judge in the case must consider timely objections and modify or set aside any part of the order related to a non-dispositive issue that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Lead plaintiff motions are generally considered non-dispositive and are therefore subject to the clearly erroneous or contrary to law standard. *In re Comverse Technology, Inc. Derivative Litigation*, 2006 WL 3511375, at *2 (E.D.N.Y. Dec. 5, 2006).

"A magistrate judge's finding is clearly erroneous when it is against the clear weight of the evidence or when the court has 'the definite and firm conviction that a mistake has been committed.'" *Moss v. Enlarged City Sch. Dist. of City of Amsterdam*, 166 F. Supp. 2d 668, 670 (N.D.N.Y. 2001). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Utica Mut. Ins. Co. v. Century Indem. Co.*, No. 6:13-CV-995, 2015 WL 3429116, at *2 (N.D.N.Y. May 11, 2015).

As the Second Circuit has advised, Rule 72(a) "provides that '[t]he district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.'" *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (quoting Fed. R. Civ. P. 72(a)).

### II.    OVERWHELMING MAJORITY OF COURTS REFUSE TO AGGREGATE LOSSES OF UNRELATED INVESTORS

Magistrate Judge Stewart made a clear error by permitting the unrelated groups to aggregate their losses for lead plaintiff appointment. The majority of courts in the Second Circuit reject unrelated groups' efforts to aggregate their losses. *Osorio-Franco v. Spectrum Pharms., Inc.*,

5

2023 WL 2586909, at *1 (S.D.N.Y. Mar. 21, 2023) (rejecting a group with the largest aggregate loss because, *inter alia*, the group's inability to demonstrate a pre-litigation relationship led to concerns the individuals were assembled to fabricate the largest loss possible); *Jonathan Tan v. NIO Inc.*, 2020 WL 1031489, at *4-5 (E.D.N.Y. Mar. 3, 2020) (rejecting unrelated lead plaintiff group with the largest aggregate loss because their joint declaration was "the type of conclusory assurances the courts have repeatedly rejected as inadequate" to show the group's cohesion); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (rejecting lead plaintiff group with that was "plainly a creation of counsel" and appointing largest individual loss); *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (refusing to aggregate losses of lead plaintiff groups because they each failed to satisfy the adequacy requirement); *see also Int'l Union of Operating Engineers Local No. 478 Pension Fund v. FXCM Inc.*, 2015 WL 7018024, at *2–3 (S.D.N.Y. Nov. 12, 2015) (rejecting group that failed to provide evidence that their grouping was not the product of lawyer-driven litigation); *Elstein v. Net1 UEPS Techs., Inc.*, 2014 WL 3687277, at *5 (S.D.N.Y. July 23, 2014) (rejecting group as it was "cobbled together" for the purpose of achieving lead plaintiff designation and appointing individual with largest loss); *In re Razorfish, Inc. Sec. Litig.*, 143 F.Supp.2d 304, 308 (S.D.N.Y. 2001) (rejecting proposed group because it was "simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as lead plaintiff"). Notably, counsel for the Bruder Group also opposed unrelated groups in other actions. *Korver v. Sage Therapeutics, Inc. et al.*, 1:24-cv-06511, Dkt. No. 34, at 1, 10 (S.D.N.Y.); *Saye v. NIO Inc. et al.*, 1:22-cv-07252, Dkt. No. 41, at 3-4, 7-9 (S.D.N.Y.). Without improper aggregation of losses, no single movant has a loss larger than the Vuongs.[2]

---

[2] Courts in this and other jurisdictions generally disfavor splitting up unrelated movant groups, instead allowing them to rise and fall together. *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *4

| Movant | Loss |
|---|---|
| The Vuongs | $490,334.18 |
| Bruder Group | |
|    David Bruder | $368,883 |
|    Randy Slipher | $306,829 |
| Keenan Group | |
|    Scott Keenan | $317,530.32 |
|    Jose Martinez | $381,074.34 |

Even in the minority of cases where unrelated groups are permitted, courts require more than a mere boilerplate joint declaration to demonstrate the group's cohesion and ability to manage the litigation effectively. The joint declarations submitted by the Bruder and Keenan Groups are precisely the type of boilerplate declarations courts in the Second Circuit have deemed insufficient. *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019) (court not persuaded by a declaration that the group would function cohesively); *Tan*, 2020 WL 1031489, at \*4-5; *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at \*2 (S.D.N.Y. Mar. 27, 2019) (vague plans for cooperation and "boilerplate assurances" are insufficient to show that unrelated investors will be able to manage the litigation efficiently.); *In re Ply Gem Holdings, Inc., Securities Litigation*, 2014 WL 12772081, at \*2 (S.D.N.Y. Oct. 14, 2014) (Denying appointment of joint lead plaintiffs even though the group filed a joint declaration because "joint lead plaintiffs run counter to the purposes of the PSLRA, which seeks to avoid lawyer-driven litigation." (internal quotation marks omitted) and "[a]llowing lawyers to combine otherwise unrelated entities as joint lead plaintiffs would encourage the lawyers to drive the litigation"). Additionally, the Bruder Group belatedly filed their

---

(S.D.N.Y. Mar. 27, 2019) (court will not consider whether individual group members could be appointed as lead plaintiff as there were no separate motions to appoint any member of the group as a lead plaintiff on an individual basis); *see also*, *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at \*5 (D.N.J. Nov. 6, 2018); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019).

joint declaration with their opposition papers, demonstrating an inability to work cohesively to submit documents in a timely manner. Dkt. No. 28-2.

Furthermore, appointing the Bruder Group as lead plaintiff would defeat the purpose of the PSLRA by allowing David Bruder, who has a smaller individual loss than the Vuongs, to control the litigation. As stated in their joint declaration, "In the event that such a disagreement arises, we agree to resolve such disagreement by a majority vote, in which each of us possesses a number of votes equal to our losses incurred in connection with our Class Period purchases of Plug securities, calculated in terms of U.S. dollars." *Id.*, ¶11. This would defeat the purpose of the PSLRA, which specifically calls for class members with the largest losses to control the litigation. *In re LightInTheBox Holding Co., Ltd. Sec. Litig.*, 2013 WL 6145114, at *2 (S.D.N.Y. Nov. 21, 2013) (rejecting a lead plaintiff movant group with a similar dispute resolution system); *see also*, *Koffsmon v. Green Dot Corp.*, 2021 WL 3473975, at *3 (C.D. Cal. Aug. 6, 2021) (noting that a dispute resolution system would "rais[e] the possibility that litigation decisions will be driven by two investors … with relatively small financial interests at stake.").

### III.    VUONGS SHOULD BE APPOINTED LEAD PLAINTIFFS

The Bruder and Keenan Groups have not challenged the fact that the Vuongs have a larger loss than any individual member of their groups. Thus, it is undisputed that the Vuongs have the largest loss compared to any individual movant. Furthermore, neither of the groups challenged the Vuongs' adequacy or typicality in their opposition or reply papers. Therefore, the Vuongs should be appointed lead plaintiffs.

### CONCLUSION

The majority of the courts in the Second Circuit reject unrelated lead plaintiff groups. Here, both the Bruder and Keenan Groups can only claim a larger loss than the Vuongs by improperly

8

aggregating their losses. But in so doing, the court would allow David Bruder, an individual with smaller losses than the Vuongs, to control the litigation. Even the counsel for the Bruder Group has recognized that unrelated groups are improper in other actions. As such, the Vuongs respectfully request that the Order be reversed and that the Vuongs be appointed lead plaintiffs.

Dated: December 6, 2024                              Respectfully submitted,

                                                     **THE ROSEN LAW FIRM, P.A.**

                                                     *s/ Phillip Kim*
                                                     Phillip Kim, Esq.
                                                     New York State Bar Number 4145397
                                                     275 Madison Avenue, 40th Floor
                                                     New York, New York 10016
                                                     Telephone: (212) 686-1060
                                                     Fax: (212) 202-3827
                                                     Email: pkim@rosenlegal.com

                                                     *Counsel for the Vuongs*

                                                     **PAWAR LAW GROUP P.C.**
                                                     Vikrant Pawar
                                                     New York State Bar Number [No.]
                                                     20 Vesey Street, Suite 1410
                                                     New York, NY 10007
                                                     Telephone: (212) 571-0805
                                                     Email: vikrantpawaresq@gmail.com

                                                     *Additional Counsel*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>