**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ETE ADOTE, Individually and on Behalf of
All Others Similarly Situated,

           Plaintiff,

      v.

PLUG POWER INC., ANDREW MARSH,
and PAUL B. MIDDLETON,

           Defendants.

---

Case No.: 1:24-cv-406 (MAD/DJS)

Hon. Mae A. D'Agostino

**SCOTT KEENAN AND JOSE MARTINEZ'S APPEAL FROM MAGISTRATE JUDGE'S**
**ORDER APPOINTING DAVID BRUDER AND RANDY SLIPHER LEAD PLAINTIFFS**

## I.    PRELIMINARY BACKGROUND

Pursuant to Federal Rule of Civil Procedure 72, lead plaintiff movants Scott Keenan and Jose Martinez ("Messrs. Keenan and Martinez"), respectfully object to the Order of the Magistrate Judge dated November 22, 2024, ECF No. 43 (the "Order"), regarding the decision to appoint David Bruder and Randy Slipher as co-lead plaintiffs and approving their selection of lead counsel. The Order failed to apply precedent from within the Second Circuit, including the Southern District of New York, requiring "financial interest" to be determined in accordance with recoverable losses. The Order should be rejected or set aside because Messrs. Bruder and Slipher's "financial interest" inappropriately includes unrecoverable losses incurred from sales made before *any* corrective disclosure emerged; put differently, the Magistrate Judge allowed Messrs. Bruder and Slipher to claim unrecoverable losses as part of their "financial interest."[1]

Had the Magistrate Judge appropriately excluded these unrecoverable losses from Messrs. Bruder and Slipher's "financial interest" analysis, movants Scott Keenan and Jose Martinez would have had the largest financial interest in the litigation and therefore should have been appointed as the lead plaintiffs and their counsel, Levi & Korsinsky, LLP, appointed as lead counsel.

## II.    LEGAL STANDARD

Upon the timely filing of an objection to a Magistrate Judge's ruling, "[t]he district judge in the case *must consider timely objections and modify or set aside any part of the order* that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added). The Court has broad discretion to correct its own errors of fact and law. *See Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 245 (E.D.N.Y. 2014) (reconsidering decision in view of mistake of law); *see also Motor*

---

[1] The Order was docketed and served by ECF on November 22, 2024. Therefore, objections are due on or before December 6, 2024. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy.").

*Vehicle Mfrs. Ass'n of U.S., Inc. v. N.Y. State Dep't of Envtl. Conservation*, 831 F. Supp. 57, 61 (N.D.N.Y. 1993), *aff'd in part, rev'd in part*, 17 F.3d 521 (2d Cir. 1994) (reconsidering prior summary judgment ruling in light of court's mistake of fact). "A motion for reconsideration is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim Ltd. v. BestMed LLC*, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). Further, "[t]ypical grounds for reconsideration include . . . 'the need to correct a clear error or prevent manifest injustice.'" *Gucci Am., Inc. v. Guess?, Inc.*, 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)).

## III.     ARGUMENT

**A.     Messrs. Keenan and Martinez Correctly Utilized the *Dura* Methodology to Calculate Financial Interest.**

Messrs. Bruder and Slipher claimed a loss of $675,662.00. *See* ECF Nos. 17-4 and 17-2, p. 2. However, this loss figure did not accurately reflect their "recoverable losses" under the securities laws, as required. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342-46 (2005). What the Supreme Court made clear in *Dura* is that the LIFO methodology often inflates the approximate losses suffered because it includes losses not recoverable under the federal securities laws. *Dura*, 544 U.S. 336, 342-46. This is not a novel premise as courts in this Circuit and throughout the nation routinely apply the tenets of *Dura* in making determinations as to which movant has the largest "financial interest" in the context of a lead plaintiff decision. *See*, *e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *13-14 (E.D.N.Y. Mar. 2, 2007) ("[T]he logical outgrowth of [the Dura] holding is that any such

losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff."); *In re LightInTheBox Holding Co., Sec. Litig.*, No. 13 Civ. 6016 (PKC), 2013 U.S. Dist. LEXIS 165842, at *10 (S.D.N.Y. Nov. 21, 2013) (applying the *Dura* methodology to calculate largest financial interest).

The Magistrate Judge disregarded this precedent when deciding that Messrs. Bruder and Slipher incurred a greater recoverable loss. As demonstrated in the record, a significant portion of their trades (sales) occurred prior to *any* corrective disclosures taking place, meaning that these sales occurred while the stock price was still inflated. *See* ECF No. 29-1 (loss analysis indicating which trades resulted in no recoverable losses). While sales made before the end of a class period can result in damages, they must be preceded by a corrective disclosure otherwise the transaction does not result in a recoverable loss. *See Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 272-73 (S.D.N.Y. 2015) (refusing to consider losses from sales made prior to corrective disclosure); *see also Armstrong v. Med. Props. Tr., Inc.*, No. 23-CV-8597 (VSB), 2024 U.S. Dist. LEXIS 143869, at *7-8 (S.D.N.Y. Aug. 13, 2024) ("Courts consider only recoverable losses when calculating financial loss for the purpose of selecting lead plaintiff. . . . Any losses incurred based on 'in-and-out' trades—where an investor buys stock and sells it during the class period but before any disclosures—should not be considered.").

As reflected below, when evaluated against the competing movants, Messrs. Keenan and Martinez have a significantly larger financial interest under the most important factors, including the most important factor of all—recoverable losses:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed LIFO Losses | Recoverable Losses |
|---|---|---|---|---|---|
| **Scott Keenan and Jose Martinez** | 156,000 | 141,600 | $1,102,645 | $669,447.67 | $669,447.67 |

| | | | | | |
|---|---|---|---|---|---|
| Scott Keenan | 41,000 | 40,000 | $459,840 | $317,530.32 | $317,530.32 |
| Jose Martinez | 115,000 | 101,600 | $642,805 | $381,074.34 | $381,074.34 |
| **David Bruder and Randy Slipher** | 429,708 | 53,000 | $864,238.99 | $675,662.00 | $508,218.63 |
| David Bruder | 342,708 | 0 | $368,832.53 | $368,832.53 | $201,372.49 |
| Randy Slipher | 87,000 | 53,000 | $495,406.46 | $306,846.14 | $306,846.14 |
| **Hoa Quoc Vuong and Nancy Vuong** | 208,911 | 54,202 | $614,265.45 | $490,334.18 | $391,489.33 |
| Hoa Quoc Vuong | 192,861 | 44,452 | $506,809.31 | $348,660.57 | $319,098.18 |
| Nancy Vuong | 16,050 | 9,750 | $107,456.14 | $72,768.16 | $72,391.16 |
| **Jason Buchinger** | 44,000 | 44,000 | $506,184.56 | $350,229.00 | $349,643.91 |
| **Fernando Gonzalez Penas** | 28,830 | 28,830 | $188,308.40 | $85,729.40 | $85,738.70 |
| **Librex Group SAL** | 16,000 | 14,000 | $77,113.00 | $27,300.09 | $27,195.11 |

*See* ECF Nos. 11-5, 13-6, 14-4, 15-4, 16-6, 17-4, and 18-1.

Compared to the movants with the next largest financial interest, Messrs. Bruder and Slipher, Messrs. Keenan and Martinez retained 88,600 more shares and expended over $238,000 more net funds during the Class Period, and therefore lost over $160,000 more. Therefore, Messrs. Keenan and Martinez have the largest financial interest in this matter.

Messrs. Keenan and Martinez are the movants for lead plaintiff that have the largest financial interest in the Actions and otherwise meet the requirements of Rule 23. Accordingly, Messrs. Keenan and Martinez are entitled to the presumption that they are the "most adequate plaintiff" and should be appointed lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

## IV.    CONCLUSION

For the foregoing reasons, Messrs. Keenan and Martinez respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the Actions, (2) appointing Messrs. Keenan and Martinez as Co-Lead Plaintiffs, (3) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and

4

proper.

Dated: December 6, 2024                    Respectfully Submitted,

                                           **LEVI & KORSINSKY, LLP**

                                           By: */s/ Adam M. Apton*
                                           Gregory M. Nespole
                                           (Bar Roll Number: 520397)
                                           Adam M. Apton (admitted *pro hac vice*)
                                           33 Whitehall Street, 17th Floor
                                           New York, NY 10004
                                           Tel: (212) 363-7500
                                           Fax: (212) 363-7171
                                           Email: gnespole@zlk.com
                                           Email: aapton@zlk.com

                                           *Lead Counsel for Scott Keenan and Jose Martinez,*
                                           *and [Proposed] Lead Counsel for the Class*

5