**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>     Defendants. | **Case No.: 1:24-cv-00406-MAD-DJS**<br><br>**OPPOSITION TO SCOTT KEENAN AND JOSE MARTINEZ'S APPEAL FROM MAGISTRATE JUDGE'S ORDER APPOINTING DAVID BRUDER AND RANDY SLIPHER LEAD PLAINTIFFS**<br><br>**CLASS ACTION** |

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**............................................................................................... 1

**ARGUMENT** ......................................................................................................................... 1

      I.     THE KEENAN GROUP IS AN IMPROPER GROUP .................................. 1

      II.    THE KEENAN GROUP IS INADEQUATE AND ATYPICAL ................... 2

      III.   VUONGS SHOULD BE APPOINTED LEAD PLAINTIFFS ...................... 3

**CONCLUSION**...................................................................................................................... 3

## PRELIMINARY STATEMENT

The Vuongs[1] respectfully submit this memorandum of law in limited opposition to Scott Keenan and Jose Martinez's Appeal from Magistrate Judge's Order Appointing David Bruder and Randy Slipher Lead Plaintiffs (the "Keenan Group Appeal") (Dkt. No. 49). The Vuongs oppose the Keenan Group Appeal insofar as it seeks to appoint the Keenan Group as lead plaintiffs.

Appointing the Keenan Group – much like the Bruder Group – as lead plaintiffs would ignore the overwhelming majority of case law which hold that unrelated groups of investors brought together by counsel are not permitted to aggregate their losses in order to obtain lead plaintiff status under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4 – particularly where, as here, no individual member of the Keenan Group (and Bruder Group) has a larger financial interest than the Vuongs.

## ARGUMENT

### I.    THE KEENAN GROUP IS AN IMPROPER GROUP

The Keenan Group, like the Bruder Group, is an improper group. As argued in the Vuongs' Appeal MOL, the majority of courts in the Second Circuit refuse to aggregate losses of unrelated investors for lead plaintiff appointment as it would run contrary to the PSLRA goal to prevent lawyer-driven litigation. *Osorio-Franco v. Spectrum Pharms., Inc.*, 2023 WL 2586909, at *1 (S.D.N.Y. Mar. 21, 2023); *see also*, Vuongs' Appeal MOL, at 5-6. And in the minority of cases where courts allow aggregation of unrelated movants' losses, courts have done so either when aggregation was not necessary because a constituent member of the unrelated group nonetheless had the largest financial interest or where there has been an adequate showing of cohesion and

---

[1] All capitalized terms not defined herein shall have the same meaning as in the Memorandum of Law in Support of Hoa Quoc Vuong and Nancy Vuong's Appeal from Magistrate Judge's Order Appointing David Bruder and Randy Slipher Lead Plaintiffs (the "Vuongs' Appeal MOL") (Dkt. No.48-1).

ability to manage the litigation beyond a boilerplate declaration – the type of boilerplate declaration submitted by the Keenan Group. *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019); *see also*, Vuongs' Appeal MOL, at 7-8. The Keenan Group's boilerplate declaration also contains no provisions on how disagreements would be handled beyond a conclusory statement that Scott Keenan and Jose Martinez "are confident in [their] ability to reach joint decisions regarding litigation matters[.]" Dkt. No. 14-6, ¶11. The joint declaration also gives no client-driven reason for co-lead plaintiff appointment beyond conclusory statements. And without improper aggregation of losses, no individual has a greater loss than the Vuongs.

| Movant | Loss |
|---|---|
| The Vuongs | $490,334.18 |
| Bruder Group | |
| David Bruder | $368,883 |
| Randy Slipher | $306,829 |
| Keenan Group | |
| Scott Keenan | $317,530.32 |
| Jose Martinez | $381,074.34 |

## II.    THE KEENAN GROUP IS INADEQUATE AND ATYPICAL

In addition to being an inappropriate group, the Keenan Group has shown that its members are incapable of managing the litigation effectively. The Keenan Group's submissions have repeated the same errors regarding loss calculations. *See*, Dkt. No. 29, at 5-6 (Keenan Group's lead plaintiff motion opposition containing calculation errors in loss figures for the Keenan Group and the Vuongs); Dkt. No. 31, at 4-5 (Vuongs' reply, pointing out error); Dkt. No. 40, at 2 (Keenan Group's reply, same error repeated concerning Keenan Group's loss); Dkt. No. 49-1, at 3-4 (Keenan Group Appeal memorandum of law, repeating the same error concerning Keenan Group's loss). Despite the error being pointed out and the numerous chances thereafter to correct the error, the Keenan Group continues to repeat the same error. This "speak[s] to a level of carelessness" which gives rise "to doubt whether [the Keenan Group] possesses the necessary adequacy and

sophistication to be lead plaintiff." *Plaut v. Goldman Sachs Group, Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sep. 19, 2019).

Additionally, Scott Keenan traded in – and profited from – options. This renders Scott Keenan atypical and subject to unique defenses, raising further issues concerning appointing the Keenan Group lead plaintiffs. *Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018); *Cook v. Allergan PLC*, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019); *Di Scala v. Proshares Ultra Bloomberg Crude Oil, et al.*, 1:20-cv-05865-NRB, Dkt. No. 55, at 9-10 (S.D.N.Y. Jul. 28, 2020). And when a group member is inadequate or atypical, courts prefer to dismiss the group entirely rather than splitting the group. *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *4 (S.D.N.Y. Mar. 27, 2019) (court will not consider whether individual group members could be appointed as lead plaintiff as there were no separate motions to appoint any member of the group as a lead plaintiff on an individual basis); *see also*, *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019).

## III.   VUONGS SHOULD BE APPOINTED LEAD PLAINTIFFS

The Keenan Group has not challenged the fact that the Vuongs have a larger loss than any individual member of its group. Thus, it is undisputed that the Vuongs have the largest loss compared to any individual movant. Furthermore, neither of the groups challenged the Vuongs' adequacy or typicality in their opposition or reply papers. Therefore, the Vuongs should be appointed lead plaintiffs.

## CONCLUSION

The majority of courts in the Second Circuit reject unrelated lead plaintiff groups. Here, the Keenan Group can only claim a larger loss than the Vuongs by improperly aggregating its

losses. The Keenan Group has shown that its members cannot effectively manage the litigation, and Scott Keenan is atypical and subject to unique defenses because he earned a profit from trading options. As such, the Vuongs respectfully request that the Court deny the Keenan Group Appeal insofar as it seeks to appoint the Keenan Group lead plaintiffs, and that the Vuongs be appointed lead plaintiffs.

Dated: December 20, 2024                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*s/ Phillip Kim*
Phillip Kim, Esq.
New York State Bar Number 4145397
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Counsel for the Vuongs*

**PAWAR LAW GROUP P.C.**
Vikrant Pawar
New York State Bar Number [No.]
20 Vesey Street, Suite 1410
New York, NY 10007
Telephone: (212) 571-0805
Email: vikrantpawaresq@gmail.com

*Additional Counsel*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

5