**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ETE ADOTE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>PLUG POWER INC., ANDREW MARSH, and PAUL B. MIDDLETON,<br><br>      Defendants. | **Case No.: 1:24-cv-00406-MAD-DJS**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HOA QUOC VUONG AND NANCY VUONG'S APPEAL**<br><br><br>**<u>CLASS ACTION</u>** |

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** ............................................................................................................................... 1

    **I.**    **COURTS ONLY ALLOW UNRELATED GROUPS WHEN INDIVIDUAL MEMBERS HAVE THE LARGEST LOSS** ...................................................................... 1

    **II.**    **BOILERPLATE JOINT DECLARATIONS ARE ONLY ACCEPTED WHEN INDIVIDUAL MEMBERS HAVE THE LARGEST LOSS** .......................................... 1

    **III.**    **DAVID BRUDER WOULD ESSENTIALLY CONTROL THE LITIGATION** ........ 2

    **IV.**    **VUONGS SHOULD BE APPOINTED LEAD PLAINTIFFS** ..................................... 3

**CONCLUSION** ............................................................................................................................ 3

## PRELIMINARY STATEMENT

Hoa Quoc Vuong and Nancy Vuong (the "Vuongs") respectfully submit this reply memorandum of law in further support of their objections to, and appeal from, Magistrate Judge Daniel J. Stewart's Memorandum - Decision & Order filed November 22, 2024 (Dkt. No. 43) (the "Order") appointing David Bruder and Randy Slipher as lead plaintiffs.

## ARGUMENT

### I.    COURTS ONLY ALLOW UNRELATED GROUPS WHEN INDIVIDUAL MEMBERS HAVE THE LARGEST LOSS

The Bruder Group[1] cannot rely on *Cushman v. Fortress Biotech, Inc.*, 2021 WL 7449182 (E.D.N.Y. Mar. 24, 2021) to support their improper grouping. In *Fortress Biotech*, each individual member of the group had a greater loss than other competing movants. *Fortress Biotech*, 2021 WL 7449182, at *3 ("[E]ach of [the unrelated group's] individual members[] have the greatest financial interest in this litigation[.]") That is not the case here. Indeed, the Bruder Group's opposition fails to cite to a single case where courts allowed unrelated groups to aggregate their losses when no member individually had the largest financial interest in the litigation.

### II.    BOILERPLATE JOINT DECLARATIONS ARE ONLY ACCEPTED WHEN INDIVIDUAL MEMBERS HAVE THE LARGEST LOSS

Likewise, the Bruder Group's argument concerning their boilerplate joint declaration must fail. Every case the Bruder Group cited in which the courts accepted boilerplate joint declarations – like the ones filed by the Bruder Group and Keenan Group – was a case in which at least one member of the unrelated group had the largest individual loss or, in one case, consisted solely of two unrelated groups vying for lead plaintiff appointment. *Fortress Biotech*, 2021 WL 7449182,

---

[1] All capitalized terms not defined herein shall have the same meaning as in the Memorandum of Law in Support of Hoa Quoc Vuong and Nancy Vuong's Appeal from Magistrate Judge's Order Appointing David Bruder and Randy Slipher Lead Plaintiffs (the "Vuongs' Appeal MOL") (Dkt. No.48-1).

at *3; *In re Sequans Comms. S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 421 (E.D.N.Y. 2018) (one member of the unrelated group lost $108,303, whereas next largest movant lost $45,948); *Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (3 of the 4 members of an unrelated group individually had larger losses than the next movant); *In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (two unrelated groups vying for lead plaintiff appointment). Therefore, the Bruder Group has failed to provide support for their argument that boilerplate joint declarations are sufficient when no individual member of the unrelated group has a larger loss than the proper group.

### III.    DAVID BRUDER WOULD ESSENTIALLY CONTROL THE LITIGATION

The Bruder Group does not address the Vuongs' argument that, under the dispute resolution system set forth in their joint declaration, David Bruder would essentially control the litigation. This would defeat the purpose of the PSLRA, which specifically calls for class members with the largest losses to control the litigation. *In re LightInTheBox Holding Co., Ltd. Sec. Litig.*, 2013 WL 6145114, at *2 (S.D.N.Y. Nov. 21, 2013) (rejecting a lead plaintiff movant group with a similar dispute resolution system); *see also*, *Koffsmon v. Green Dot Corp.*, 2021 WL 3473975, at *3 (C.D. Cal. Aug. 6, 2021) (noting that a dispute resolution system would "rais[e] the possibility that litigation decisions will be driven by two investors … with relatively small financial interests at stake."). Instead, the Bruder Group attempts to shift the goalposts by arguing that their grouping is proper; it is not, and that argument is inapposite here.

In any event, the cases cited here by the Bruder Group do not support their improper grouping. The Bruder Group overstates the holding in *China Agritech, Inc. v. Resh*, 584 U.S. 732 (2018). In *China Agritech*, the Supreme Court noted in passing in a footnote that district courts sometimes appoint multiple lead plaintiffs in the context of the tolling of the statute of limitations for subsequent class actions. *China Agritech* may arguably be relevant if there were not numerous

lead plaintiff movants here and if the expiration of statute of limitations were nearing—which it is not. *China Agritech*, 584 U.S. 1807, n. 3. Likewise, *In re Mersho*, 6 F.4th 891 (9th Cir. 2021) is inapposite. First, it is a 9th Circuit case and, therefore, not controlling, Second, the unrelated group in *In re Mersho* had members who individually had the largest, second largest, and fourth largest losses. *In re Mersho*, 6 F.4th 896. And, as stated above, this has no bearing on the fact that David Bruder would effectively control the litigation despite having a smaller loss than the Vuongs under the dispute resolution system set forth in the joint declaration. Dkt. No. 28-2, ¶11. Therefore, appointing the Bruder Group would defeat the purpose of the PSLRA by ceding control of the litigation to a movant with smaller losses than the Vuongs.

## IV.    VUONGS SHOULD BE APPOINTED LEAD PLAINTIFFS

The Bruder and Keenan Groups have not challenged the fact that the Vuongs have a larger loss than any individual member of their groups. Thus, it is undisputed that the Vuongs have the largest loss compared to any individual movant. Furthermore, neither of the groups challenged the Vuongs' adequacy or typicality in their opposition or reply papers, nor did they raise such challenges in appeal or in opposition to the Vuongs' appeal. The Bruder and Keenan Groups have thus conceded that the Vuongs are adequate and typical. Therefore, the Vuongs should be appointed lead plaintiffs.

## <u>CONCLUSION</u>

The Bruder Group relies on inapposite cases in support of their opposition to the Vuongs' Appeal MOL. The Keenan Group does not oppose the Vuongs' Appeal MOL. Therefore, the Vuongs respectfully request that the Order be reversed and that the Vuongs be appointed lead plaintiffs.

Dated: December 27, 2024                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

*s/ Phillip Kim*
Phillip Kim, Esq.
New York State Bar Number 4145397
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Counsel for the Vuongs*

**PAWAR LAW GROUP P.C.**
Vikrant Pawar
New York State Bar Number [No.]
20 Vesey Street, Suite 1410
New York, NY 10007
Telephone: (212) 571-0805
Email: vikrantpawaresq@gmail.com

*Additional Counsel*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim