UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLUG POWER INC. SECURITIES LITIGATION | Case No. 1:24-cv-00406-MAD-DJS <br><br> <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | |

DAVID BRUDER AND RANDY SLIPHER'S RESPONSE TO HOA QUOC VUONG AND
NANCY VUONG'S NOTICE OF SUPPLEMENTAL AUTHORITY

Court-appointed Lead Plaintiffs David Bruder and Randy Slipher (together, "Bruder and Slipher") respectfully submit this memorandum of law in response to Hoa Quoc Vuong and Nancy Vuong's (together, the "Vuongs") Notice of Supplemental Authority ("NSA") (Dkt. No. 54), appending as Exhibit 1 an order appointing a Lead Plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA") in the action *Evangelista v. Late Stage Asset Management, LLC, et al.*, 1:24-cv-05292 (E.D.N.Y.) ("*Evangelista*") (Dkt. No. 54-1).

## ARGUMENT

The Vuongs filed their NSA in further support of their Appeal, pursuant to Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"), that this Court reverse U.S.M.J. Daniel J. Stewart's Order appointing Bruder and Slipher as Lead Plaintiffs in this Action (Dkt. No. 43). In that Order, Judge Stewart specifically found, *inter alia*, that Bruder and Slipher comprised a permissible movant group under the PSLRA, such that their investment losses were appropriately considered in the aggregate. *See id.* at 10-15.

For the Vuongs to prevail on their Appeal, Rule 72(a) requires that they demonstrate that Judge Stewart's finding was "clearly erroneous or . . . contrary to law."

> A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.

*Walker v. Bellnier*, 17-CV-1008 (GTS/CFH), 2020 WL 7226533, at *2 (N.D.N.Y. Aug. 7, 2020) (internal citations and quotations omitted).

Although the Vuongs' NSA describes *Evangelista* as "persuasive authority" with respect to the appointment of Lead Plaintiff movant groups (Dkt. No. 54), its facts are readily distinguishable. Critically, the court in *Evangelista* repeatedly took issue with the fact that the group members at issue had never communicated with one another, variously noting that

"[n]othing in the record supports a finding that [they] knew or communicated with each other before seeking lead plaintiff status in this action" and emphasizing that there was "no evidence that the three members [of the movant group at issue] have actually discussed the instant litigation with each other or have had anything other than cursory involvement in the case." Dkt. No. 54-1 at *10. Here, by contrast, Bruder and Slipher expressly attested in their Joint Declaration to having "discuss[ed] this case with each other . . . before the filing of our Lead Plaintiff Motion." Dkt. No. 28-2 ¶ 4. The distinction is critical, as the lack of communications in *Evangelista* called into question the group's various attestations about its readiness to work together "to effectively manage the litigation." Dkt. No. 54-1 at 10. Here, by contrast, Bruder and Slipher have given the Court no reason to question their preparedness to do so.

Further, the size of Bruder and Slipher's group (two members) relative to that of the *Evangelista* group (three members) necessarily makes it more cohesive and better able to manage this litigation. Indeed, Judge Stewart's Order approvingly noted that "the proposed **small** group of **two** sophisticated and substantial investors [*i.e.*, Bruder and Slipher] represents a grouping that is both motivated and manageable." Dkt. No. 43 at 11-12 (emphases added).

In sum, *Evangelista* adds nothing new to the Court's analysis, and certainly falls well short of demonstrating that any part of Judge Stewart's finding was "clearly erroneous" or "contrary to law." In the context of lead plaintiff motions under the PSLRA, "courts have broad discretion under Rule 23 to determine the adequacy of a proposed lead plaintiff." *Guo v. Tyson Foods, Inc.*, 21-CV-552 (AMD) (JRC), 2023 WL 3765052, at *2 (E.D.N.Y. June 1, 2023). As discussed at greater length in Bruder and Slipher's Opposition to the Vuongs' Appeal, the Vuongs have cited only cases establishing **at most** that, in exercising such discretion, the courts of the Second Circuit have reached different conclusions regarding the propriety of unrelated

2

investor groups. *See* Dkt. No. 51 at 5. *Evangelista*, then, is not "persuasive" in any meaningful respect. Rather, it is simply an example of a different court exercising its own discretion to reach a different conclusion, on different facts. It plainly does not outweigh the robust body of apposite Second Circuit case law as summarized in *Cushman v. Fortress Biotech, Inc.*, 20-CV-5767 (KAM), 2021 WL 7449182 (E.D.N.Y. Mar. 24, 2021), correctly finding that "many courts in this Circuit have appointed lead plaintiff groups comprised of individual investors assembled by their lawyers" and that "[c]ourts approve these lead plaintiff groups upon finding other indicia that demonstrate the group's ability to effectively demands of litigation." Dkt. No. 43 at 11 (quoting *Fortress Biotech*, 2021 WL 7449182, at *6).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in their response to the Vuongs' Appeal (Dkt. No. 51), Bruder and Slipher respectfully request that the Court issue an Order denying the Vuongs' Appeal.

Dated: June 10, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II (Bar Number: 700865)
Jeremy A. Lieberman (Bar Number: 700864)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for David Bruder and Randy Slipher and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)

3

60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for David Bruder*

4

## PROOF OF SERVICE

I hereby certify that on June 10, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ J. Alexander Hood II*
J. Alexander Hood II

5