**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

**BOIES SCHILLER FLEXNER LLP**
30 South Pearl Street
Albany, New York 12207
(518) 434-0600

October 1, 2025

*By ECF*

Hon. Mae A. D'Agostino
United States District Court for the
 Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Courtroom 5
Albany, New York 12207

   Re:  *Adote v. Plug Power Inc.*, No. 1:24-cv-0406-MAD-DJS (N.D.N.Y.)

Dear Judge D'Agostino,

  We represent the defendants Plug Power Inc. and its officers Andrew Marsh, Paul B. Middleton, and Sanjay Shrestha in this action.  In accordance with the pre-motion letter and conference requirements in the Court's individual rules and practices, we are writing with respect to the defendants' anticipated motion to dismiss the amended complaint for failure to state a claim.

The Claims Asserted

  This is a putative class action under the federal securities laws and therefore subject to provisions enacted by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  On August 25, 2025, in accordance with a scheduling order that is discussed below, plaintiffs filed their amended class action complaint asserting claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 on behalf of a putative class of purchasers of Plug Power common stock between May 9, 2023 and January 16, 2024.  All of the defendants except Mr. Shrestha were named in an earlier complaint.  Mr. Shrestha was added as a defendant in the amended complaint; he has not been served as of the date of this letter.

  The amended complaint alleges that during the putative "class period," the defendants misled investors in various statements providing updates on the status of construction and commissioning for a new green hydrogen production facility being built by Plug Power in Georgia, which ultimately began producing liquid hydrogen seven months later than predicted.  Throughout the alleged class period, Plug Power repeatedly cautioned investors about the possibility of delays in bringing liquid hydrogen production at the new plant online and provided regular updates about the plant's status.

Separately, and unrelated to allegations concerning the Georgia plant, the amended complaint alleges that certain risk factor disclosures concerning the potential impact of supply chain disruptions on Plug Power's business were misleading by omission because Plug Power allegedly was not paying some vendors on time.

<u>Defendants' Anticipated Motion to Dismiss</u>

The PSLRA provides that all discovery and other proceedings shall be stayed until the Court has decided a motion to dismiss the operative complaint in a private securities action. 15 U.S.C. § 78u-4(b)(3). The defendants intend to file a motion to dismiss the amended complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure on several grounds, including primarily the following:

1.    Most of the public statements challenged in the amended complaint are protected from liability by the safe harbor for forward-looking statements enacted by the PSLRA because they are forward-looking statements, identified as such, that were accompanied by "meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the" challenged statements. 15 U.S.C. § 78u-5(c)(1)(A).

2.    To the extent the safe harbor does not apply, plaintiffs have failed to allege that any challenged statement was materially false or misleading based on information available at the time of the statement. 15 U.S.C. § 78u-4(b)(1). Among other things, risk factor disclosures are inherently prospective in nature and are not actionable for alleged omission of existing facts. *In re FBR Inc. Sec. Litig.*, 544 F. Supp. 2d 346, 362 (S.D.N.Y. 2008) (collecting cases).

3.    The challenged risk factor disclosures concerning Plug Power's supply chain also are inactionable because plaintiffs fail to establish loss causation for those statements. 15 U.S.C. § 78u-4(b)(4). There are no allegations in the amended complaint of any public statement disclosing Plug Power's supply chain as an issue.

4.    Plaintiffs have failed to allege facts supporting the required "strong inference" of scienter for any defendant. 15 U.S.C. § 78u-4(b)(2)(A). There are no stock sales alleged, much less suspicious or unusual ones, nor are there any other plausible allegations that any defendant had a motive to defraud in making any challenged statement. The complaint also does not allege facts supporting an inference that any challenged statement was knowingly or recklessly false given information allegedly available at the time. To the contrary, the amended complaint shows that throughout the relevant period Plug Power and its management kept the market apprised of progress and delays in bringing the Georgia facility online.

5.    Because the amended complaint does not plead any actionable primary violation, the claims for "controlling person" liability under section 20(a) of the Exchange Act also are not actionable.

Hon. Mae A. D'Agostino
U.S. District Court for the N.D.N.Y.
October 1, 2025
Page 3

## The Prior Scheduling Conference with Judge Stewart

On July 25, 2025, the parties appeared for a status conference with U.S. Magistrate Judge Daniel J. Stewart after the Court resolved appeals from an earlier order appointing lead plaintiffs under the PSLRA.

At that status conference, the parties discussed their agreed proposed schedule for filing the amended complaint and for briefing with respect to any motion to dismiss that might be filed by the defendants in response. Judge Stewart approved the parties' proposed schedule, as reflected in a text entry on the docket that day. [ECF No. 60]. The schedule provides for plaintiffs to file their amended complaint by August 25, 2025; for defendants to respond to that pleading by October 9, 2025; for plaintiffs to file any papers in response to motions to dismiss the amended complaint by November 24, 2025; and for defendants to file any reply in further support of the motion(s) by December 15, 2025.

## Conclusion and Request for Relief

The defendants are prepared to file their motion to dismiss by October 9, 2025, as provided in the scheduling order Judge Stewart previously approved. Nevertheless, we are available to appear for a pre-motion conference to discuss the anticipated motion to dismiss if the Court believes such a conference would be helpful.

Respectfully submitted,

DLA PIPER LLP (US)                           BOIES SCHILLER FLEXNER LLP


By: /s/ *John J. Clarke, Jr.*                By: /s/ *George F. Carpinello*
    John J. Clarke, Jr.                      George F. Carpinello
    (Bar Roll No. 705346)                    (Bar Roll No. 103750)
    john.clarke@us.dlapiper.com              gcarpinello@bsfllp.com

Attorneys for Defendant Plug Power Inc.      Attorneys for Individual Defendants
        Andrew Marsh, Paul B. Middleton,
        and Sanjay Shrestha


cc:    Counsel of Record (by ECF)